THE STATE, EX REL. KRONENBERGER-FODOR BUILDING CO. ET AL., APPELLANTS, *v.* CITY OF PARMA ET AL., APPELLEES.

(No. 72-811—Decided June 13, 1973.)

*Messrs. Burke, Haber & Berick* and *Mr. Joseph G. Berick,* for appellants.

*Mr. Andrew Boyko,* city solicitor, for appellees.

HERBERT, J. The noncharter city of Parma, pursuant to R. C. 713.11, created a Board of Zoning Appeals. Power was delegated to the board to hear and determine any proper appeal from decisions or determinations of the building commissioner made in the enforcement of the zoning code or other ordinances.[1] In the performance of those duties, the board is bound by strict provisions affording notice[2] and is authorized, in the exercise of its discretion and after a hearing has been held, to "reverse or modify any order, requirement, decision or determination of the building commissioner or to decide in favor of the appellant any matter upon which the board is required to pass or to effect any variation."[3] Additionally, the nature of the function performed by the board relative to its duty to hear such appeals is "quasi-judicial,"[4] and a proper appeal therefrom would lie to the Court of Common Pleas. R. C. Chapter 2506; *State, ex rel. Federal Homes Properties,* v. *Singer* (1967), 9 Ohio St. 2d 95, 97, 223 N. E. 2d 824; *State, ex rel. Sibarco,* v. *Berea, supra* (7 Ohio St. 2d 85, 90).

Appellants, however, did not avail themselves of that legislatively prescribed procedure to contest the denial of their permit. Instead, they sought the extraordinary writ of mandamus, and did so by filing their complaint under the original jurisdiction of the Court of Appeals, with a concomitant right to a direct appeal to this court. In explanation, they advance the theory that the appeal process

---

[1] Section 1127.03 *et seq.,* Parma Zoning Ordinances.

[2] *Op. cit.* 1127.05.

[3] *Op. cit.* 1127.04.

[4] See *Haught* v. *Dayton* (1973), 34 Ohio St. 2d 32; *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 290 N. E. 2d 562.

was an inadequate remedy because they faced "a totally hostile [city] council."[5]

Even if we were to assume, *arguendo*, that the enactment of Ordinance 114-72 by council was a calculated act of "hostility," there is no evidence in the record that the review procedures available to these appellants were similarly infected.

Appellants argue that there is no evidence of record because the Court of Appeals did not conduct an evidentiary hearing upon the question of remedy adequacy. However, the heart of their position in this regard necessarily depends upon an assertion that the Board of Zoning Appeals would refuse them an impartial and unbiased hearing. No such allegation appears in the complaint filed below and, therefore, the Court of Appeals cannot be faulted for its sustaining of the "demurrer" without taking evidence. The decisions of this court should leave little doubt that in a zoning case, where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking an extraordinary remedy is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law. See, *e. g.*, *Eggers* v. *Morr* (1955), 162 Ohio St. 521, 124 N. E. 2d 115; *cf.*, *State, ex rel. Woodbury*, v. *Spitler* (1973), 34 Ohio St. 2d 134.

The judgment of the Court of Appeals is affirmed.[6]

*Judgment affirmed.*

O'NEILL, C. J., STERN, CELEBREZZE and W. BROWN, JJ., concur.

CORRIGAN and P. BROWN, JJ., dissent.

---

[5]Appellants brief, at 8.

[6]Attention is directed to *State, ex rel. Fairmount Center Co.*, v. *Arnold* (1941), 138 Ohio St. 259, 34 N. E. 2d 777. However, since our disposition of this cause prevents us from reaching the constitutional issue, we express no opinion upon that question or upon the applicability thereto of *State, ex rel. Fairmount Center Co.*, v. *Arnold, supra*.

PAUL W. BROWN, J., dissenting. The relator-appellant Kronenberger-Fodor owned parcels of real property. Since 1931 this property was in an area zoned as an apartment house district by the city of Parma. On April 4, 1972, relator-appellant Talbott Homes applied for a building permit for an apartment project upon the premises. On May 3, Parma, through its council, enacted what was described as "an ordinance suspending the issuance of building permits for certain parcels and declaring an emergency."

The subject parcels were described in the ordinance, and pursuant to its terms municipal employees refused to issue the building permit requested.

Those facts were asserted in the appellants' petition for mandamus.

Under the circumstances, the pursuit of an administrative appeal under R. C. Chapter 2506 is a vain thing. The situation is one indicating the applicability of *State, ex rel. Killeen Realty Co.,* v. *East Cleveland* (1959), 169 Ohio St. 375, which case was not reversed by *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85.

CORRIGAN, J., concurs in the foregoing dissenting opinion.