THE STATE, EX REL. WILLIS, APPELLANT, *v.* SHEBOY ET AL., APPELLEES.

[Cite as State, ex rel. Willis, *v.* Sheboy (1983), 6 Ohio St. 3d 167.]

(No. 82-1059—Decided August 10, 1983.)

*Mr. Winston E. Willis, pro se.*

*Mr. James E. Young,* director of law, and *Mr. Theodore J. Esborn,* for respondents.

MILLER, J. R.C. 2731.05 provides that "[t]he writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law."

Section 76-6(d) of the Charter of the city of Cleveland vests jurisdiction in the Board of Building Standards and Building Appeals to hear and decide appeals from decisions of the Commissioner of Building and Housing, and Section 3103.18(e) of the Ordinances of the city of Cleveland provides the procedure for such appeals.

In *State, ex rel. Kronenberger-Fodor Co.,* v. *Parma* (1973), 34 Ohio St. 2d 222 [63 O.O.2d 362], a case involving zoning regulations, the syllabus provides that "* * * where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." See, also, *State, ex rel. Cinnamon Lake Utility,* v. *Pub. Util Comm.* (1975), 41 Ohio St. 2d 79, 80 [70 O.O.2d 165.]

Although relator-appellant asserted in his complaint filed in the court of appeals that there was currently pending in the Cleveland Municipal Court a complaint for injunction to close down the businesses operated on the premises for failure to secure permits and that he had no adequate remedy at law, and further asserts in argument in his brief filed herein, that no final order has been issued in the matter from which an appeal can be taken, he does assert in his complaint that the permits were in fact denied. We conclude that relator had a plain and adequate remedy in the ordinary course of the law by way of appeal from the denial of permits previously sought.

Relator also sought a writ of mandamus for the issuance of further legally applied for permits in the future.

"* * * The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made. * * *"

*State, ex rel. Federal Homes Properties, Inc.,* v. *Singer* (1967), 9 Ohio St. 2d 95, 96 [38 O.O.2d 227].

Thus, mandamus will not lie to compel the issuance of permits to be applied for in the future.

The judgment of the court of appeals is affirmed.

*Judgment affirmed*

CELEBREZZE, C.J., W. BROWN, SWEENEY, WEBER, HOLMES and C. BROWN, JJ., concur.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.

MILLER, J., of the Third Appellate District, sitting for J. P. CELE-BREZZE, J.