THE STATE EX REL. GILLIVAN *v.* OHIO BOARD OF TAX APPEALS ET AL.

[Cite as *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St.3d 196.]

(No. 92-1976—Submitted May 25, 1994—Decided September 7, 1994.)

*Michael A. Moses,* for relator.

*Lee Fisher,* Attorney General, *Elizabeth J. Birch* and *Laurel D. Blum,* Assistant Attorneys General, for respondents.

---

*Per Curiam.* "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law," R.C. 2731.05, and Gillivan attempts to establish this in his fourth proposition of law. In response, Perry and BTA rely on *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 605 N.E.2d 37, to argue that Gillivan has an adequate remedy and, therefore, cannot show a condition necessary for the writ to issue. We find *Weiss* dispositive and, therefore, do not reach Gillivan's remaining arguments.

In *Weiss,* an allegedly classified civil servant sought a writ of mandamus to compel her reinstatement and back pay. She had appealed several separate, but essentially contemporaneous, job actions to the State Personnel Board of Review ("SPBR"), including a change of her formerly classified status to unclassified, a reduction of her job duties, and her discharge. The employee's "declassification," like Gillivan's, was purportedly accomplished pursuant to R.C. 124.11(A)(9) (employees in fiduciary positions exempt from classified service).

SPBR singled out the declassification appeal in *Weiss* for dismissal, finding that it had no jurisdiction to determine classified status by declaratory judgment. 65 Ohio St.3d at 471–472, 605 N.E.2d at 38. SPBR then stayed consideration of the reduction of duties and discharge claims pending appeal of the dismissal. *Id.* at 472, 605 N.E.2d at 38. At the same time, however, SPBR acknowledged its jurisdiction to determine classified status in connection with adverse job actions. *Id.* at 471, 605 N.E.2d at 38. This conclusion follows *Rarick v. Geauga Cty. Bd. of Commrs.* (1980), 63 Ohio St.2d 34, 36, 17 O.O.3d 21, 22, 406 N.E.2d 1101, 1103, and *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355, paragraph two of the syllabus, which held:

"The State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, regardless of how they have been designated by their appointing authorities."

Although the employee in *Weiss* had already appealed SPBR's jurisdictional ruling pursuant R.C. 119.12, she essentially argued that appeal was inadequate because SPBR had no jurisdiction over declassifications not accompanied by adverse job actions. We suggested that SPBR might have consolidated the *Weiss* employee's claims in accordance with its conceded jurisdiction. *Weiss, supra,* 65 Ohio St.3d at 474, 605 N.E.2d at 40. However, since SPBR jurisdiction was reviewable on appeal, the court held that an available and adequate remedy precluded a writ of mandamus. Thus, *Weiss* stands for the principle that an appeal is not inadequate just because it involves a jurisdictional dispute.

Gillivan is also an allegedly classified public employee who appealed his discharge following declassification to SPBR and then to common pleas court. Although *Weiss* holds that mandamus cannot be used as a substitute for this administrative appeal procedure, Gillivan claims appeal is inadequate because it is too time-consuming and expensive to pursue. This argument is generally insufficient to justify a writ of mandamus. *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus, holds:

"Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law. (*State, ex rel. Kronenberger-Fodor Co., v. Parma* [1973], 34 Ohio St.2d 222 [63 O.O.2d 362, 297 N.E.2d 525], syllabus approved and followed.)" Accord *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 432, 575 N.E.2d 181, 184.

Gillivan also claims that appeal is inadequate because it provides no opportunity to contest the bad faith with which he contends his discharge was accomplished. He complains that SPBR's ALJ considered just one issue—whether Gillivan performed duties characteristic of the classified or unclassified service during the year or so that preceded his discharge. Gillivan maintains that evidence of political motivation is also relevant and that the ALJ excluded such evidence erroneously.

Gillivan relies on *Swepston v. Bd. of Tax Appeals* (1993), 89 Ohio App.3d 629, 626 N.E.2d 1006, motion to certify overruled (1993), 68 Ohio St.3d 1410, 623 N.E.2d 567, which recognized that bad faith or political motivation has relevance in job abolishment claims. In *Swepston,* the Court of Appeals for Franklin County reversed SPBR's affirmation of the job abolishment BTA imposed on a Fiscal Officer 2, who was formerly under Gillivan's supervision. There, however, the court relied on Ohio Adm.Code 124–7–01(A), under which job abolishments and layoffs may be disaffirmed if bad faith is shown. *Id.,* 89 Ohio App.3d at 635, 62 N.E.2d at 1010. Gillivan cites no similar provision that applies to discharges, such as his allegedly from the classified service. Moreover, if evidence of bad faith and political motivation was excluded erroneously, we see no reason why the error is not reviewable on appeal, which appeal *Weiss* holds is an adequate remedy.

Most of Gillivan's other authority is distinguished in *Weiss.* For example, he cites *State ex rel. Miller v. Witter* (1926), 114 Ohio St. 122, 150 N.E. 431, *Toledo v. Osborn* (1926), 23 Ohio App. 62, 155 N.E. 250, and *State ex rel. Click v. Thormyer* (1958), 105 Ohio App. 479, 6 O.O.2d 220, 151 N.E.2d 246, to show that mandamus is a means by which a public employee may recover a classified

position. No adequate remedy was available in those cases because the contested job actions—abolishments—were not even arguably appealable under the civil service laws. In contrast, authority for SPBR to hear the *Weiss* employee's claim—the essence of which was her discharge from a position her employer considered unclassified—was established in *Rarick, supra,* and the syllabus of *Yarosh, supra. Weiss,* 65 Ohio St.3d at 474–475, 605 N.E.2d at 40–41. Similarly, Gillivan's complaint here is that he was removed from a position BTA had designated as unclassified, again a job action that *Rarick* and *Yarosh* permit the SPBR to hear.

Accordingly, the writ of mandamus is denied due to the availability of appeal.

*Writ denied.*

FARMER, NAHRA, CLOSE, FORD and PFEIFER, JJ., concur.

RESNICK, Acting C.J., and F.E. SWEENEY, J., dissent.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for MOYER, C.J.

JOSEPH J. NAHRA, J., of the Eighth Appellate District, sitting for A.W. SWEENEY, J.

MICHAEL L. CLOSE, J., of the Tenth Appellate District, sitting for DOUGLAS, J.

DONALD R. FORD, J., of the Eleventh Appellate District, sitting for WRIGHT, J.

FRANCIS E. SWEENEY, SR., J., dissenting. I would grant relator's request for a writ of mandamus for the reasons stated in Justice Resnick's dissenting opinion in *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 477, 605 N.E.2d 37, 42. Because relator is challenging only his removal from the classified service and the issue of back pay, R.C. 124.03(A) confers *no jurisdiction* on the State Personnel Board of Review to rule on the matter. Therefore, relator does not have an adequate remedy at law by way of appeal. Mandamus is his only remedy. Moreover, because relator has set forth facts to establish that he is entitled to respondents' performance of a clear legal duty, the writ of mandamus should issue.

RESNICK, Acting C.J., concurs in the foregoing dissenting opinion.