THE STATE EX REL. CHUVALAS, APPELLANT, *v.* TOMPKINS, DIRECTOR, APPELLEE.

[Cite as *State ex rel. Chuvalas v. Tompkins* (1998), 83 Ohio St.3d 171.]

(No. 97–2233—Submitted June 24, 1998—Decided September 23, 1998.)

*Suzanne M. Stasiewicz,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Margaret A. Telb,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** In her sole proposition of law, Chuvalas asserts that the court of appeals erred in denying the writ because extraordinary relief in mandamus is appropriate when a public employer like DHS fails to comply with a State Personnel Board of Review order.

For the following reasons, however, this assertion lacks merit, and the court of appeals correctly denied the writ.

First, DHS complied with the board's order. The board never adopted the parties' agreed entry and settlement agreement as a board order. Instead, the board merely noted that the agreement had been filed with it and relied on the fact that the parties had settled Chuvalas's appeal. DHS also initially placed Chuvalas in the SETS position specified by the settlement agreement.

Second, Chuvalas waived any right she had under the settlement agreement to the SETS position when she voluntarily left SETS for a different position. " 'As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.' " *Sanitary Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178, 180, 566 N.E.2d 1215, 1218, quoting *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305, 307, 8 O.O. 76, 77, 7 N.E.2d 411, 413.

Third, to the extent that Chuvalas asserts that DHS's actions constitute a wrongful reduction in her position, she had an adequate remedy in the ordinary course of law by way of administrative appeal under R.C. 124.34. " 'Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.' " *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 532, 678 N.E.2d 1396, 1398, quoting *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus. Mandamus may not be employed as a substitute for a civil service appeal. *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 136, 656 N.E.2d 940, 943.

Finally, contrary to Chuvalas's contention on appeal, the court of appeals could properly consider the affidavits attached to appellee's brief filed in that court in its merit determination. Chuvalas waived any objection to these affidavits by not moving to strike them or otherwise specifying their alleged impropriety. See,

*e.g.,* Evid.R. 103(A)(1); · cf. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 301, 685 N.E.2d 1251, 1255 (" 'While the court of appeals may consider evidence other than that listed in Civ.R. 56 when there is no objection, it need not do so.' ").

Based on the foregoing, we affirm the judgment of the court of appeals denying the requested extraordinary relief in mandamus.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.