[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 161.]

THE STATE EX REL. TRAVELCENTERS OF AMERICA, INC., APPELLANT, *v.*
WESTFIELD TOWNSHIP ZONING COMMISSION, APPELLEE.

[Cite as *State ex rel. TravelCenters of Am., Inc. v. Westfield Twp. Zoning
Comm.*, 1999-Ohio-313.]

*Mandamus sought to compel Westfield Township Zoning Commission to approve
relator's site plan application—Dismissal of complaint affirmed.*

(No. 99-908—Submitted October 12, 1999—Decided November 10, 1999.)

APPEAL from the Court of Appeals for Medina County, No. 99CA2940-M.

_____

{¶ 1} Appellant, TravelCenters of America, Inc. ("TCA"), operates a travel-related service center, which includes a service station, convenience store, and a restaurant, at the intersection of State Route 224 and Lake Road in Westfield Township, Medina County, Ohio. In conjunction with its plan to raze, rebuild, and modernize the service center, TCA applied for a zoning certificate from the Westfield Township Zoning Inspector. In February 1998, TCA submitted a site plan to the township zoning inspector, as required by Section 215, Article II of the Westfield Township Zoning Resolution.

{¶ 2} Appellee, Westfield Township Zoning Commission ("commission") considered TCA's site plan application at a series of meetings. The commission initially required TCA to prepare two traffic studies, and in September 1998, the Medina County Engineer informed TCA of three acceptable alternatives to resolve a traffic problem with its site plan. In October 1998, the commission advised TCA that it would not approve its proposed site plan unless an additional driveway specified in the plan was acceptable to the county engineer, the county planning commission, and the commission. At a subsequent meeting that same month, the commission approved TCA's site plan "contingent on satisfactory resolution

[between] Medina County Engineer's Office and TCA regarding the traffic impact." In December 1998, TCA requested that the commission either approve the site plan so that the zoning certificate could issue or "issue a definitive denial." The commission responded by referring TCA to its previous contingent approval of the site plan.

{¶ 3} In 1999, TCA filed a complaint in the Court of Appeals for Medina County for a writ of mandamus to compel the commission to approve its site plan application. TCA alleged that it had a clear legal right and the commission had a clear legal duty to approve its site plan because it satisfied the standards provided in Section 215(D), Article II of the Westfield Township Zoning Resolution.[1] TCA further alleged that it had "no plain and adequate remedy in the ordinary course of the law because the Respondent has refused to issue a definitive denial of [TCA]'s application." The commission filed a Civ.R. 12(B)(6) motion to dismiss, and both parties subsequently filed motions for summary judgment. The court of appeals granted the commission's Civ.R. 12(B)(6) motion and dismissed the complaint for failure to state a claim upon which relief can be granted.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

1. Section 215(D) provides that "[r]eview and action of site plan applications shall be based on the following standards:

"1. The site plan shall show that a proper relationship will exist between thoroughfares, service roads, driveways and parking areas to encourage pedestrial and vehicular traffic safety on both public and private lands.

"2. All the development features including the principal buildings, open spaces, service roads, driveways and parking areas shall be so located and related as to minimize the possibility of adverse effects upon adjacent developments.

"* * *

"10. Curb cuts, internal drives, parking areas and pedestrian walkways shall be arranged to promote safe and efficient movement within the site, between adjacent sites and between the site and the adjacent thoroughfare system.

"11. The number and location of openings from the site to adjacent thoroughfares shall be designed to maintain the traffic movement function of arterial and collector streets."

*Calfee, Halter & Griswold L.L.P., Mark I. Wallach* and *Henry G. Grendell*, for appellant.

*Dean Holman*, Medina County Prosecuting Attorney, and *William L. Thorne*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 5} TCA asserts that the court of appeals erred in dismissing its mandamus action. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67. The court of appeals held in part that "[w]hether [the commission's] approval, denial, or conditions for approval are legally correct is a matter that must be determined through an appeal [to the Westfield Township Board of Zoning Appeals], not in a mandamus proceeding [in the court of appeals]."

{¶ 6} TCA claims that the court of appeals erred in so holding because TCA has no right to appeal the commission's order under Section 905, Article IX of the Westfield Township Zoning Resolution, which provides that the Westfield Township Board of Zoning Appeals "shall have the power to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the *Zoning Inspector* in the enforcement of this Resolution." (Emphasis added.)

{¶ 7} TCA's contention is meritless. Section 905 is not the sole means to appeal an administrative ruling to the board of zoning appeals. Section 901, Article IX of the resolution expressly provides that the board "shall have all the powers and duties *prescribed by law and by this Resolution.*" (Emphasis added.) Therefore, the board also has appellate authority "prescribed by law." R.C. 519.14(A) provides that a township board of zoning appeals may "[h]ear and decide appeals where it is alleged there is error in any order, requirement, decision, or

3

determination made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto." The Westfield Township Zoning Resolution was enacted pursuant to R.C. Chapter 519. See Preamble to resolution. Therefore, contrary to TCA's assertions, the township board of zoning appeals is not precluded from exercising its appellate authority under R.C. 519.14(A) *in addition to* its appellate authority under the township zoning resolution.

{¶ 8} The commission acted in its administrative capacity to enforce the site plan standards of Section 215(D), Article II of the resolution by issuing its contingent approval of TCA's site plan. TCA does not assert that the commission did not so act. And the commission's ruling was sufficiently definitive to constitute an appealable "order, requirement, decision, or determination" under R.C. 519.14(A), so that TCA could raise its challenge to the commission's *requirement* that it receive approval from the engineer's office regarding traffic impact.

{¶ 9} TCA further contends that appeal would not be an adequate remedy because "[a]ny remedy short of site plan approval will require further litigation and delay, which will only serve to extend the time that [TCA] must wait before it may begin its redevelopment project." But, as the commission aptly notes, "[i]n a zoning case, where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of law." *State ex rel. Kronenberger-Fodor Bldg. Co. v. Parma* (1973), 34 Ohio St.2d 222, 63 O.O.2d 362, 297 N.E.2d 525, syllabus; *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus.

{¶ 10} Based on the foregoing, TCA has an adequate legal remedy by administrative appeal to the township board of zoning appeals pursuant to R.C. 519.14(A) to raise its claim that the commission's contingent approval of its site

4

plan is erroneous. See *State ex rel. Chuvalas v. Tompkins* (1998), 83 Ohio St.3d 171, 173, 699 N.E.2d 58, 60; *State ex rel. Sohi v. Williams* (1997), 80 Ohio St.3d 492, 493-494, 687 N.E.2d 454, 455. And although R.C. 519.14 does not specifically provide for a further appeal to a common pleas court, R.C. 2506.01 gives an aggrieved party the right to appeal quasi-judicial decisions of a township board of zoning appeals. See *State ex rel. Grant v. Kiefaber* (1960), 114 Ohio App. 279, 283, 19 O.O.2d 207, 210, 181 N.E.2d 905, 909, affirmed (1960), 171 Ohio St. 326, 14 O.O.2d 3, 170 N.E.2d 848; see, also, *State ex rel. Dublin v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55, 60-61, 577 N.E.2d 1088, 1093 (R.C. 2506.01 provides for appeals from quasi-judicial proceedings only).

{¶ 11} Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____