THE STATE EX REL. TRAVELCENTERS OF AMERICA, INC., APPELLANT,
*v.* WESTFIELD TOWNSHIP ZONING COMMISSION, APPELLEE.

[Cite as *State ex rel. TravelCenters of Am., Inc. v. Westfield
Twp. Zoning Comm.* (1999), 87 Ohio St.3d 161.]

(No. 99–908—Submitted October 12, 1999—Decided November 10, 1999.)

162

*Calfee, Halter & Griswold L.L.P., Mark I. Wallach* and *Henry G. Grendell,* for appellant.

*Dean Holman,* Medina County Prosecuting Attorney, and *William L. Thorne,* Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** TCA asserts that the court of appeals erred in dismissing its mandamus action. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67. The court of appeals held in part that "[w]hether [the commission's] approval, denial, or conditions for approval are legally correct is a matter that must be determined through an appeal [to the Westfield Township Board of Zoning Appeals], not in a mandamus proceeding [in the court of appeals]."

TCA claims that the court of appeals erred in so holding because TCA has no right to appeal the commission's order under Section 905, Article IX of the Westfield Township Zoning Resolution, which provides that the Westfield Township Board of Zoning Appeals "shall have the power to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the *Zoning Inspector* in the enforcement of this Resolution." (Emphasis added.)

TCA's contention is meritless. Section 905 is not the sole means to appeal an administrative ruling to the board of zoning appeals. Section 901, Article IX of the resolution expressly provides that the board "shall have all the powers and duties *prescribed by law and by this Resolution.*" (Emphasis added.) There-

fore, the board also has appellate authority "prescribed by law." R.C. 519.14(A) provides that a township board of zoning appeals may "[h]ear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto." The Westfield Township Zoning Resolution was enacted pursuant to R.C. Chapter 519. See Preamble to resolution. Therefore, contrary to TCA's assertions, the township board of zoning appeals is not precluded from exercising its appellate authority under R.C. 519.14(A) *in addition to* its appellate authority under the township zoning resolution.

The commission acted in its administrative capacity to enforce the site plan standards of Section 215(D), Article II of the resolution by issuing its contingent approval of TCA's site plan. TCA does not assert that the commission did not so act. And the commission's ruling was sufficiently definitive to constitute an appealable "order, requirement, decision, or determination" under R.C. 519.14(A), so that TCA could raise its challenge to the commission's *requirement* that it receive approval from the engineer's office regarding traffic impact.

TCA further contends that appeal would not be an adequate remedy because "[a]ny remedy short of site plan approval will require further litigation and delay, which will only serve to extend the time that [TCA] must wait before it may begin its redevelopment project." But, as the commission aptly notes, "[i]n a zoning case, where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of law." *State ex rel. Kronenberger–Fodor Bldg. Co. v. Parma* (1973), 34 Ohio St.2d 222, 63 O.O.2d 362, 297 N.E.2d 525, syllabus; *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus.

Based on the foregoing, TCA has an adequate legal remedy by administrative appeal to the township board of zoning appeals pursuant to R.C. 519.14(A) to raise its claim that the commission's contingent approval of its site plan is erroneous. See *State ex rel. Chuvalas v. Tompkins* (1998), 83 Ohio St.3d 171, 173, 699 N.E.2d 58, 60; *State ex rel. Sohi v. Williams* (1997), 80 Ohio St.3d 492, 493–494, 687 N.E.2d 454, 455. And although R.C. 519.14 does not specifically provide for a further appeal to a common pleas court, R.C. 2506.01 gives an aggrieved party the right to appeal quasi-judicial decisions of a township board of zoning appeals. See *State ex rel. Grant v. Kiefaber* (1960), 114 Ohio App. 279, 283, 19 O.O.2d 207, 210, 181 N.E.2d 905, 909, affirmed (1960), 171 Ohio St. 326, 14 O.O.2d 3, 170 N.E.2d 848; see, also, *State ex rel. Dublin v. Delaware Cty. Bd. of*

*Commrs.* (1991), 62 Ohio St.3d 55, 60–61, 577 N.E.2d 1088, 1093 (R.C. 2506.01 provides for appeals from quasi-judicial proceedings only).

Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.