OPINION
This action in mandamus is presently before this court for final consideration of the parties' competing motions for summary judgment, filed on September 1, 1999. After reviewing the parties' respective legal arguments and evidential materials, we conclude that relator, Harold J. Copen, will be unable to satisfy the third element of a mandamus claim. Accordingly, judgment will be entered in favor of respondent, Portage County Sheriff Duane W. Kaley, as to the entire mandamus petition.
Relator is a former full-time deputy with the Portage County Sheriff's Department. After approximately nine years of service with the department, relator was found to be medically unable to perform his duties as a deputy. As a result, he started to receive workers' compensation from the state of Ohio.
In January 1996, relator filed a claim for certain disability benefits with the Public Employees Retirement System ("PERS"). Six months later, the claim was granted, and relator continued to receive disability benefits over the next three years.
Despite receiving the benefits, relator also continued to obtain medical treatment for his disability. As a consequence of neck surgery and extensive physical therapy, relator's condition improved to the point that, in December 1998, his personal doctor determined that he was no longer disabled and could return to work as a deputy sheriff.
Upon learning of his doctor's opinion, relator notified respondent of his intent to return to his former position with the department in January 1999. When respondent did not respond to the notice, relator reported for work on the first day of the new year. However, relator was not permitted to resume his duties and was told to go home.
In February 1999, relator was examined by a second doctor associated with PERS. Based upon the results of this examination, PERS informed relator that his disability benefits would be terminated in July 1999. In addition, PERS also notified respondent that relator was eligible to return to work. Nevertheless, when relator made a second request to be permitted to resume his duties, respondent again did not respond to the request.
In light of respondent's inaction, relator brought the instant action in mandamus, seeking the issuance of an order requiring respondent to restore him to his position as a full-time deputy sheriff. In his mandamus petition, relator alleged that respondent had a statutory duty to allow him to return to work.
After respondent had answered the petition, the parties filed competing motions for summary judgments. As the sole basis for his motion, relator contends that if a state employee becomes capable of resuming his duties within five years of being declared disabled, his employer is expressly required to restore him to his previous position or a comparable position. In support of this contention, relator cites R.C. 145.367.
For the following reasons, this court holds that it is unnecessary for us to decide whether respondent had a statutory duty to allow relator to return to work. Instead, we agree with respondent that the merits of that issue are not properly before us in the context of a mandamus action because relator should have challenged respondent's decision not to reinstate him in an appeal to the State Personnel Board of Review ("SPBR"). Stated differently, we conclude that the issuance of a writ of mandamus is not warranted under the facts of this case because relator had an adequate legal remedy.
As a preliminary matter, we would first note that R.C.124.01(A) defines the term "civil service" to include, inter alia, any employment in the service of a county within this state. Accordingly, relator was a member of the civil service during the nine years in which he was a deputy sheriff. In turn, this meant that respondent's authority to hire or fire relator was subject to the civil service rules set forth in R.C. Chapter 124. See Yaroshv. Becane (1980), 63 Ohio St.2d 5, 9.
R.C. 124.34 states that if an employee of a county is a "classified" civil servant, he is entitled to retain his position "during good behavior" and can be relieved of his duties only when he engages in certain acts of misconduct. This statute further states that if a classified civil servant is fired, he can appeal that decision to the SPBR.
In light of the foregoing provisions, it follows that the determination of whether relator had a general right to appeal will turn upon if he were a "classified" civil servant when he was a deputy sheriff. This specific determination is governed by R.C.124.11. Division (B) of this statute expressly provides that classified civil servants are those persons in the civil service who are not specifically labeled as "unclassified" employees. In turn, division (A) delineates an exact list of those civil servants who are considered unclassified.
Of the twenty-eight categories set forth in R.C. 124.11(A), only one would seem to encompass a deputy sheriff. R.C.124.11(A)(9) states, in pertinent part:
 "(9) The deputies and assistants of state agencies authorized to act for and on behalf of the agency, or holding a fiduciary or administrative relation to that agency and those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials or county administrator, * * *."
 Under the foregoing category, an employee of an elected county official will only be deemed an unclassified civil servant when he has either a fiduciary or administrative relationship with the official. In applying these requirements to a deputy sheriff, the Supreme Court of Ohio has specifically held that such an individual does not have the requisite relationship to be an unclassified employee when he merely engages in routine police work and does not act in a supervisory capacity. Yarosh at 14-15.
 "A deputy is in a fiduciary relationship with a sheriff when the duties the deputy is required to perform for the sheriff are duties that the sheriff could not be expected to delegate to the average deputy with knowledge of proper police procedure for that task.
 "A deputy is in an administrative relationship with a sheriff when the duties the deputy is required to perform for the sheriff are such that the sheriff must rely on the deputy's personal judgment and leadership abilities." Yarosh at paragraphs three and four of the syllabus.
 In the instant case, relator's mandamus petition did not contain any allegation as to whether he had had a fiduciary or administrative relationship with the Portage County Sheriff prior to becoming disabled; i.e., relator did not allege that he had engaged in any type of special duties or had held any type of supervisory position. Moreover, in responding to respondent's summary judgment motion, he did not submit any evidential materials which would establish the existence of either type of relationship. Therefore, the materials before this court support the finding that relator had been a classified civil servant during his prior tenure with the sheriff's department.
As was noted above, R.C. 124.34 gives a classified civil servant the right to appeal any decision concerning the continuation of his employment to the SPBR. In relation to the scope of this appeal, R.C. 124.03 states, in pertinent part:
 "The state personnel board of review shall exercise the following powers and perform the following duties:
 "(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, * * *. As used in this division, discharge includes involuntary disability separations."
 As defined in the last sentence of the foregoing quote, the term "discharge" would cover a county official's decision not to allow a classified civil servant to return to his former position following his recovery from a physical disability. See Darnell v. Pub. Emp. Retirement System of Ohio (Dec. 31, 1998), Franklin App. Nos. 98AP-303 and 98AP-305, unreported. Accordingly, pursuant to R.C. 124.34 and 124.03(A), relator had the right to appeal respondent's refusal to reinstate him.[1]
In opposing respondent's motion for summary judgment, relator contends that an appeal under the foregoing statutes does not constitute an adequate remedy at law. In support of this contention, relator merely asserts in his brief that respondent's "failure to do what the law requires of him * * * has denied [relator] of his legal remedy."
In relation to this point, this court first concludes that relator's assertion is simply illogical. Although relator's position on this point is somewhat vague, the wording of the foregoing quote supports the conclusion that, in relator's estimation, a legal remedy can be deemed inadequate for mandamus purposes when the public official's obligation to perform a particular duty is obvious. However, in our estimation, the fact that the official's obligation is readily clear is irrelevant to the determination of whether a legal remedy is adequate; i.e., the two issues are not related. Even if the official's duty is not in dispute, a writ of mandamus will not be issued when there exists a separate legal remedy through which the relator can achieve the same result as in a mandamus action.
Second, we hold that the authority cited by relator on this point does not support his argument. In State ex rel. Natl.Electrical Contractors Assn. Ohio Conference v. Ohio Bur. of Emp.Serv. (1998), 83 Ohio St.3d 179, a trade association sought a writ of mandamus to compel a state agency to collect fines from contractors who had failed to pay the prevailing wage. In considering the question of whether a mandamus action could be maintained for this purpose, the Supreme Court of Ohio noted that, although R.C. 4115.16 expressly provided for an appeal of the state agency's determination as to whether a violation of the "prevailing wage" law had occurred, it did not allow for an appeal concerning the enforcement of the penalty for a violation. Based upon this, the court held that the appellate court's dismissal of the mandamus petition had been improper because the trade association had not had an adequate legal remedy.
Relator cites National Electrical Contractors for the proposition that if an official fails to perform any of his statutory duties, this has the effect of "nullifying" the legal remedy. However, in actuality, that case only stands for the proposition if a party is not allowed to raise a particular type of issue in a statutory appeal, the appeal cannot be considered an adequate legal remedy in regard to that issue. Thus, because the issue of respondent's refusal to reinstate relator can be raised in an appeal under R.C. 124.34 and 124.03(A), the holding inNational Electrical Contractors has no application to the facts of the instant case.
Third, we would emphasize that the Supreme Court of Ohio has expressly held that an appeal to the SPBR generally is an adequate remedy at law which will preclude the issuance of a writ of mandamus. State ex rel. Gillivan v. Bd. of Tax Appeals (1994),70 Ohio St.3d 196, 200. Similarly, in considering actions in which a classified civil servant has sought reinstatement, the court has held that a mandamus action cannot be brought before a decision has been rendered by the SPBR because such an action cannot be employed as a substitute for the civil service appeal. See Stateex rel. Weiss v. Indus. Comm. (1992), 65 Ohio St.3d 470. In light of this precedent, it follows that an appeal of a refusal to reinstate under R.C. 124.34 and 124.03(A) constitutes an adequate legal remedy.
Under Civ.R. 56(C), the moving party in a summary judgment exercise is entitled to prevail if he can satisfy each prong of the following test: (1) no genuine issue as to any material fact remains to be tried; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidential materials are such that a reasonable man could only reach a conclusion adverse to the nonmoving party. Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268. Under this test, the plaintiff/relator in an action can be granted summary judgment as to an entire claim only when he can meet each of the three prongs as to each element of the claim. In contrast, the defendant/respondent can prevail on an entire claim if he can satisfy each prong of the test as to one element of the claim.
To ultimately succeed on his mandamus claim in the instant action, relator would be required to establish, inter alia, that he did not have an adequate legal remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440,441. Pursuant to the foregoing analysis, this court holds that respondent has satisfied each of the three prongs of the summary judgment test as to this particular element of relator's claim. That is, we conclude that respondent has shown that, in relation to the issue of whether relator had an adequate legal remedy, there is no factual dispute and respondent is entitled to the entry of judgment as a matter of law. As a result, not only does relator's motion for summary judgment lack merit, but respondent is entitled to prevail on the entire mandamus claim.
Therefore, respondent's motion for summary judgment is granted. It is the order of this court that judgment is hereby granted in favor of respondent on relator's entire mandamus claim.
 __________________________________ PRESIDING JUDGE DONALD R. FORD
 __________________________________ JUDGE ROBERT A. NADER
 __________________________________ JUDGE WILLIAM M. O'NEILL
[1] As an aside, we would note that the parties have not submitted any evidential materials indicating whether respondent has ever filed a written decision on this matter with the SPBR. However, even if such a decision has not been filed, this would not stop relator from appealing. R.C. 124.03(A) specifically provides that the appointing authority's failure to file a written decision does not affect the jurisdiction of the SPBR to proceed with the appeal. See, also, State ex rel. Shine v. Garofalo
(1982), 69 Ohio St.2d 253, 256.