DECISION AND JOURNAL ENTRY
Appellant, Carlos Ray Carter, appeals the decision of the Lorain County Court of Common Pleas. We affirm in part and reverse in part.
Mr. Carter owns real property consisting of four adjoining lots, which together comprise a rectangular parcel of land located at 230 Kensington Road, Vermilion, Ohio. Two of the lots face Kensington Road and two lots, which abut the rear of the lots facing Kensington Road, face Marlborough Road. Marlborough Road is a dedicated unimproved street in Vermilion.
On October 28, 1997, the Vermilion Board of Zoning Appeals ("the Board") granted Mr. Carter's request for a variance to construct a 900 square foot garage to the rear of his house, which faces Kensington Road. The garage would rest, at least in part, on the rear lots, which face Marlborough Road. The Board required Mr. Carter to consolidate the four lots on a single deed prior to constructing the garage.[1]
Mr. Carter applied for a building permit for the construction of the garage, but Jack Strittmather, appellee, who is a building inspector for the City of Vermilion, appellee, denied his request for a permit because the garage would encroach on the thirty foot frontyard setback from Marlborough Road. On June 24, 1998, Mr. Carter brought this action in the Lorain County Court of Common Pleas. Mr. Carter sought a declaratory judgment that all four of his lots face Kensington Road and a writ of mandamus ordering the Building Department of the City of Vermilion to issue him a building permit. Appellees filed a motion to dismiss Mr. Carter's complaint on July 23, 1998, asserting that Mr. Carter had failed to state a claim upon which relief can be granted because he had failed to exhaust his administrative remedies. Mr. Carter responded in opposition on August 10, 1998. On December 2, 1998, the trial court granted appellees' motion, finding that Mr. Carter had failed to exhaust his administrative remedies. This appeal followed.
Mr. Carter asserts three assignments of error. As they implicate similar issues, we will address them together.
First Assignment of Error
 The trial court erred in determining that the Plaintiff-Appellants had failed to exhaust their administrative remedies.
Second Assignment of Error
 The trial court erred in determining that the Plaintiff-Appellants were not entitled to declaratory relief.
Third Assignment of Error
 The trial court erred in determining that the Plaintiff-Appellants were not entitled to a writ of Mandamus compelling the City of Vermilion to issue a building permit to the Plaintiff-Appellants.
 Mr. Carter asserts that the trial court erred when it concluded that he had not exhausted his administrative remedies. Moreover, Mr. Carter argues that, as he had exhausted his administrative remedies, the trial court erred in dismissing his actions for mandamus and declaratory judgment. Although based upon a more fundamental principle, we agree that the trial court erred in granting the motion to dismiss as to the declaratory judgment action.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Wilson v. State (1995), 101 Ohio App.3d 487,491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party.Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 94. The trial court's focus should be strictly upon the complaint as factual findings are never required. See State ex rel. Drake v. AthensCty. Bd. of Elections (1988), 39 Ohio St.3d 40, 41. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. Marksman Prods.,Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
A motion to dismiss pursuant to Civ.R. 12(B) may not be based upon an affirmative defense not listed under Civ.R. 12(B) because: (1) the burden to plead the defense is on the defendant not the plaintiff; (2) pursuant to Civ.R. 8(C), it is incumbent upon the defendant to plead an affirmative defense in his responsive pleading; and (3) Civ.R. 12(B) envisages seven specific, enumerated, defenses that may be raised by motion prior to a responsive pleading. Tarry v. Fechko Excavating, Inc. (Nov. 3, 1999), Lorain App. No. 98CA007180, unreported, at 3; see, also,Oliver v. Wagner (Dec. 8, 1999), Medina App. No. 2832-M, unreported, at 5. Furthermore, defenses such as res judicata, the statute of limitations, and sovereign immunity are not defenses that are specifically permitted to be raised by Civ.R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B). Oliver, supra; Tarry,supra.
Section 1264.06 of the Vermilion Codified Ordinances states that "[a]n appeal from the decision of the Administrative Officer may be made to the Board of Zoning Appeals by any person aggrieved or by any officer of the City affected by any decision of the Administrative Officer." The "Administrative Officer" is defined in Section 1262.02 of the Vermilion Codified Ordinances as "the City Building Inspector[.]" Moreover, pursuant to R.C. 713.11(A), an administrative board may be created by a municipal corporation "to hear and determine appeals from refusal [sic] of building permits by building commissioners or other officers[.]"
In order for a court to grant a writ of mandamus under R.C. 2731 et seq., a relator must establish that: (1) the relator has a clear legal right to the relief prayed for; (2) the respondents have a corresponding clear legal duty to perform the act which the relator requests; and (3) the relator has no other plain and adequate remedy at law. State ex rel. Slaby v. Summit Cty.Council (1983), 7 Ohio App.3d 199, 203, citing State ex rel.Consol. Rail Corp. v. Gorman (1982), 70 Ohio St.2d 274, 275.
 In a zoning case, where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.
State ex rel. Kronenberger-Fodor Bldg. Co. v. Parma (1973),34 Ohio St.2d 222, syllabus.
However, in a declaratory judgment action, "the doctrine of failure to exhaust administrative remedies is not a jurisdictional defect * * *; it is an affirmative defense that may be waived if not timely asserted and maintained." Jones v. Chagrin Falls (1997),77 Ohio St.3d 456, syllabus.
In the instant case, Mr. Carter does not challenge the constitutionality of the Vermilion Zoning Ordinance, which the building inspector sought to enforce, or the appeals process set forth in the Vermilion Codified Ordinances. Mr. Carter filed an action requesting that trial court grant declaratory relief and a writ of mandamus based upon the Vermilion Building Department's denial of his request for a permit. Mr. Carter asserts that he need not appeal the denial of his permit request because the Board had granted him a variance. In order for one to be entitled to the extraordinary relief of mandamus, one must have no other plain and adequate remedy at law. As the Vermilion Codified Ordinances provide for an adequate remedy in the course of law through an administrative appeal, we conclude that the trial court did not err in dismissing Mr. Carter's claim for a writ of mandamus. The trial court need not have gone beyond the face of Mr. Carter's complaint to determine whether his action for a writ of mandamus was proper because the availability of another plain and adequate remedy in the ordinary course of law is apparent from the applicable statute. See State ex rel. Natl. ElectricalContractors Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.
(1998), 83 Ohio St.3d 179, 183-84. However, the affirmative defense of failure to exhaust administrative remedies neither must be plead in the complaint as an element of a declaratory judgment action nor is it listed as one of the enumerated defenses which may be raised by motion pursuant to Civ.R. 12(B). Hence, we conclude that the trial court erred in dismissing Mr. Carter's action for declaratory judgment.
Mr. Carter's first and second assignments of error are sustained to the extent that they assert that the trial court erred in dismissing his declaratory judgment action and overruled to the extent that they allege that the trial court erred in granting the motion to dismiss as to the mandamus action. Mr. Carter's third assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, P.J., WHITMORE, J., CONCUR.
[1] Neither party has asserted whether or not Mr. Carter has consolidated the lots on one deed.