[THE STATE EX REL.] TURNER *v.* HOUK, WARDEN, ET AL.

[Cite as *State ex rel. Turner v. Houk,* 112
Ohio St.3d 561, 2007-Ohio-814.]

(No. 2006-2240—Submitted January 23, 2007—Decided March 14, 2007.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel respondents, the Ohio Department of Rehabilitation and Correction, its director, and the warden of the Ohio State Penitentiary in Youngstown, to reinstate a classified state employee to his previous classified position in accordance with the Uniformed Services Employment and Reemployment Rights Act, Sections 4301–4334, Title 38, U.S.Code ("USERRA"). We dismiss this case because relator has or had an adequate remedy in the ordinary course of law to challenge his alleged reduction in pay and demotion by way of a civil-service appeal.

{¶ 2} Relator, Harry C. Turner III, filed this action alleging that respondents violated USERRA by failing to reinstate him to his previous classified position as Administrative Assistant 2 to the Business Administrator in the Ohio State Penitentiary in Youngstown when he returned to work from active duty with the United States Navy in Iceland. Turner alleged that respondents "forced upon" him "a reduction in position" that is "two pay ranges below" the pay range for his previous classified civil-service position. He requests a writ of mandamus to compel his reinstatement to the administrative-assistant position.

{¶ 3} Respondents filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. They contend that the Court of Claims has exclusive jurisdiction over Turner's claim and that the presence of this adequate remedy bars this mandamus action. Turner filed a memorandum in opposition in which he asserts that respondents' "act of moving Relator, from a position with a working title of Administrative Assistant 2 to the Business Administrator to a position of a working title of Storekeeper Supervisor, effective October 16, 2006, constitutes a reduction in position."

{¶ 4} This cause is now before the court for its S.Ct.Prac.R. X(5) determination.

{¶ 5} We grant respondents' motion and dismiss the cause. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Turner's favor, it appears beyond doubt that he could prove no set of facts warranting the requested extraordinary relief in mandamus. See *State ex rel. Rashada v. Pianka,* 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 2.

{¶ 6} Turner has an adequate remedy by way of a civil-service appeal to seek reinstatement for the alleged improper reduction in pay and demotion effected by respondents. USERRA prohibits discrimination or acts of reprisal against an employee due to his or her military obligations. See, generally, Annotation, Construction and Application of the Uniformed Services Employment and Reemployment Rights Act (38 U.S.C.A. §§ 4301–4333) (2002), 175 A.L.R.Fed. 437, Section 2[a]; see, also, Section 4301, Title 38, U.S.Code. When a person brings an action under USERRA against a state employer, "the action may be brought in a State court of competent jurisdiction *in accordance with the laws of the State.*" (Emphasis added.) Section 4323(b)(2), Title 38, U.S.Code; see, also, *Larkins v. Dept. of Mental Health & Mental Retardation* (Ala.2001), 806 So.2d 358, 363.

{¶ 7} The General Assembly has enacted a statute and authorized the adoption of rules by the Director of Administrative Services to implement USERRA. See R.C. 124.29 ("Any person who, at the time of holding an office or position in the public service, enters the uniformed services, as defined in section 5903.01 of the Revised Code, is entitled to reinstatement in accordance with" USERRA); Ohio Adm.Code 123:1–34–05 (providing, inter alia, for uniformed-service leave without pay and for reinstatement to a position of equivalent status, seniority, and pay upon return from a period of duty of more than 90 days).

{¶ 8} As noted previously, Turner contends that respondents' failure to reinstate him to his previous classified service position upon his return from his leave of absence constituted a demotion and a reduction in pay. Turner has or had a remedy by way of civil-service appeal to the State Personnel Board of Review from any notice of or imposition of a demotion or a reduction in pay and subsequently from any adverse board decision to the common pleas court. R.C. 124.34; Ohio Adm.Code 124–1–03(E) (providing a 90–day time limit to appeal to the board from a notice of or an imposition of an alleged demotion or a reduction in pay, but specifying that the time limit "may be extended within the discretion of the board").

{¶ 9} This administrative appeal provides an adequate remedy in the ordinary course of law. *State ex rel. Chuvalas v. Tompkins* (1998), 83 Ohio St.3d 171, 173, 699 N.E.2d 58 ("to the extent that [the classified state civil-service employee] asserts that [her state employer's] actions constitute a wrongful reduction in her position, she had an adequate remedy in the ordinary course of law by way of administrative appeal under R.C. 124.34"); cf. *Berry v. Kent State Univ.*, Ct. of Cl. No. 2003–03388, 2004-Ohio-5915, 2004 WL 2521306 (Court of Claims lacked jurisdiction over action by state civil-service employee seeking reinstatement to supervisory position when employee had neither filed a grievance nor appealed to the State Personnel Board of Review under R.C. 124.34). Mandamus may not be employed as a substitute for a civil-service appeal. *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 136, 656 N.E.2d 940.

{¶ 10} Notwithstanding Turner's assertion that his invocation of the board's or the common pleas court's jurisdiction in an administrative appeal would not provide an adequate remedy because it "would entail a year or more of litigation," "[w]here a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus.

{¶ 11} Therefore, based on the foregoing, we grant respondents' motion and dismiss the cause.

Cause dismissed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Harry C. Turner III, pro se.

Marc Dann, Attorney General, Jack W. Decker, Principal Assistant Attorney General, and Timothy M. Miller, Assistant Attorney General, for respondents.