THE STATE EX REL. BYERS, APPELLANT, *v.* MIAMI COUNTY
SHERIFF'S OFFICE ET AL., APPELLEES.
[Cite as *State ex rel. Byers v. Miami Cty. Sheriff's Office,*
**133 Ohio St.3d 78, 2012-Ohio-3916.]**

*Civil service—Mandamus to compel reinstatement to former position of
employment—Appeal to State Personnel Board of Review constitutes
adequate remedy in ordinary course of law—Effect of collective-
bargaining agreement—Writ denied.*

(No. 2011-2069—Submitted August 22, 2012—Decided September 5, 2012.)

APPEAL from the Court of Appeals for Miami County,
No. 09-CA-42, 2011-Ohio-6125.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals denying the request of appellant, Douglas D. Byers, for a writ of mandamus to compel appellees, the Miami County Sheriff's Office and Sheriff Charles A. Cox, to reinstate him pursuant to R.C. 145.362 to his previous deputy-sheriff position and salary or to a similar position and salary and to award him back pay and benefits.

**{¶ 2}** The court of appeals correctly held that Byers had had an adequate remedy by way of a civil-service appeal to the State Personnel Board of Review ("SPBR") from the sheriff's office's refusal to perform the requested actions. "Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law." *State ex rel. McClaran v. Ontario*, 119 Ohio St.3d 105, 2008-Ohio-3867, 892 N.E.2d 440, ¶ 15; R.C. 2731.05. "An administrative appeal generally provides an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus." *State ex rel. Hilltop Basic*

*Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23. "Mandamus may not be employed as a substitute for a civil-service appeal." *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 9.

**{¶ 3}** Classified civil-service employees like Byers have an adequate remedy by administrative appeal to the SPBR from an employer's refusal to reinstate them to their salaries and former positions. *See* R.C. 124.03(A), which specifies that the SPBR has the power to hear appeals of classified civil-service employees from final decisions concerning discharge, which includes disability separations; *State ex rel. Copen v. Kaley*, 11th Dist. No. 99-P-0041, 2000 WL 127273, *3 (denying a writ of mandamus to compel a county sheriff to restore a relator to his previous position as a full-time deputy sheriff because the relator had an adequate remedy by way of appeal to the SPBR: "the [R.C. 124.03(A)] term 'discharge' would cover a county official's decision not to allow a classified civil servant to return to his former position following his recovery from a physical disability"); *Darnell v. Pub. Emps. Retirement Sys. of Ohio*, 10th Dist. Nos. 98AP-303 and 98AP-305, 1999 WL 1159 (denying a writ of mandamus to compel a state employer to return a classified civil-service employee to her former position because the employee had an adequate remedy by appeal to the SPBR from the employer's decision refusing to return the employee to the previous position).

**{¶ 4}** On appeal, Byers claims that the court of appeals erred in so holding because Section 33.2 of the collective-bargaining agreement between the sheriff's office and the employee union prevented him from instituting an appeal to the SPBR.

**{¶ 5}** But Byers waived this claim by failing to raise it before the court entered its judgment denying the writ on this basis, even though appellees expressly asserted that he had an adequate remedy at law by appeal to the SPBR.

*See, e.g., State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, 968 N.E.2d 476, ¶ 4. Although Byers did raise this claim in his Civ.R. 60(B) motion for relief from the judgment he appealed, he does not argue on appeal that the court of appeals erred in denying his Civ.R. 60(B) motion.

**{¶ 6}** Moreover, even if Byers had not waived this claim on appeal, he invited any error by the court in ignoring the collective-bargaining agreement by arguing that his claim was governed by state law, i.e., R.C. 145.362, rather than by the agreement.

**{¶ 7}** Finally, the provisions of the collective-bargaining agreement that Byers now claims barred his ability to appeal to the SPBR apply only to subjects addressed in the agreement. Byers cites no provision of the agreement specifically addressing the rights concerning recipients of disability benefits who are determined to no longer be disabled and are entitled to reinstatement under R.C. 145.362. *See State ex rel. Couch v. Trimble Local School Dist. Bd. of Edn.*, 120 Ohio St.3d 75, 2008-Ohio-4910, 896 N.E.2d 690, ¶ 23.

**{¶ 8}** Therefore, the court of appeals did not err in denying the requested extraordinary relief in mandamus, and the judgment is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Brannon & Associates, Dwight D. Brannon, and David D. Brannon, for appellant.

Gary Nasal, Miami County Prosecuting Attorney, and Eugene P. Nevada, Special Counsel, for appellees.

_____