[This decision has been published in *Ohio Official Reports* at 83 Ohio St.3d 179.]

THE STATE EX REL. NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, OHIO CONFERENCE, ET AL., APPELLANTS, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

[Cite as *State ex rel. Natl. Electrical Contractors Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.*, 1998-Ohio-281.]

*Mandamus action claiming Ohio Bureau of Employment Services failed to comply with its duties under various prevailing wage law provisions of R.C. Chapter 4115 — Court of appeals erred in dismissing mandamus complaint as it relates to cases in which OBES Administrator timely determined that an intentional violation of prevailing wage law occurred but failed to impose and collect statutory penalty fees and include violator's name on list filed with Secretary of State.*

(No. 97-2499—Submitted June 24, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD07-895.

————————————

{¶ 1} In July 1997, appellants, National Electrical Contractors Association, Ohio Conference ("NECA"), its local chapters, and Royal Electric Construction Corporation ("Royal"), filed a complaint in the Court of Appeals for Franklin County. NECA is a trade association representing electrical contractors throughout Ohio for construction in both public and private works. NECA members competitively bid on public projects in Ohio in compliance with the provisions of R.C. Chapter 4115, relating to the prevailing wage to be paid on public works projects. Royal is a NECA member which bid unsuccessfully on public projects awarded to contractors with lower bids that may have violated the prevailing wage provisions.

{¶ 2} In their complaint, appellants claimed that OBES violated R.C. 4115.10(A), by not collecting a penalty for the Penalty Enforcement Fund upon finding a violation of the prevailing wage law; R.C. 4115.10(C), by not bringing any legal action necessary upon finding a violation of the prevailing wage law; R.C. 4115.10(E), by not enforcing the prevailing wage law; R.C. 4115.13, by not making a determination whether contractors violating the prevailing wage law did so intentionally; and R.C. 4115.133, by not filing a list with the Secretary of State of contractors who intentionally violate the prevailing wage law. According to appellants, since 1994, OBES has refused to collect penalties that would have amounted to $189,000, and wages due in an amount exceeding $584,000. Appellants allege that their competitors, who are permitted to avoid payment of the prevailing wage or who receive no penalty even if OBES determines a violation, receive a competitive advantage by illegally underbidding appellants, consequently denying them public works contracts.

{¶ 3} Appellants requested a writ of mandamus to compel appellee, Ohio Bureau of Employment Services ("OBES"), (1) to investigate and timely act upon all complaints and make determinations and collections of wages due for violations of the prevailing wage law, (2) to make a finding whether each violation of the prevailing wage law was

intentional, including each determination since the July 1995 effective date of the statute, (3) to file with the Secretary of State a list containing the names of contractors who intentionally violated the law, and (4) to collect the penalty provided for employees and for the Penalty Enforcement Fund, including for each determination since the July 1995 effective date of the statute. Appellants additionally requested a judgment declaring the rights of the parties.

{¶ 4} OBES moved to dismiss appellants' complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. OBES contended that appellants had an adequate remedy in the ordinary course of law by administrative appeal under R.C. 4115.16.

{¶ 5} In October 1997, the court of appeals granted OBES's motion and dismissed appellants' complaint. The court of appeals ruled that it lacked jurisdiction over appellants' declaratory judgment claim and that appellants' mandamus claim was barred by an adequate remedy in the ordinary course of law by way of the administrative procedure in R.C. 4115.16.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Bricker & Eckler, LLP*, *Luther L. Liggett, Jr.* and *Michael A. Hamilton*, for appellants.

*Betty D. Montgomery*, Attorney General, and *Michael D. Allen*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

*Declaratory Judgment*

{¶ 7} Appellants initially contend that the court of appeals erred by *sua sponte* dismissing their declaratory judgment claim for lack of subject matter jurisdiction.

{¶ 8} Appellants, however, are mistaken. Courts of appeals lack original jurisdiction over claims for declaratory judgment. *Wright v. Ghee* (1996), 74 Ohio St.3d 465, 466, 659 N.E.2d 1261, 1262; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus; Section 3(B)(1), Article IV, Ohio Constitution.

{¶ 9} Therefore, the court of appeals correctly dismissed appellants' declaratory judgment claim.

*Mandamus*

{¶ 10} Appellants next assert that the court of appeals erred by granting OBES's Civ.R. 12(B)(6) motion and dismissing their mandamus claim.

{¶ 11} In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that appellants could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in their favor. *State ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 144, 684 N.E.2d 1228, 1231.

{¶ 12} Appellants claim that OBES failed to comply with its duties under the following prevailing wage law provisions:

R.C. 4115.10

"(A)  * * * Any employee upon any public improvement * * * who is paid less than the fixed rate of wages applicable thereto may recover from such person, firm, corporation, or public authority that constructs a public improvement with its own forces the difference between the fixed rate of wages and the amount paid to the employee and in addition thereto a sum equal to twenty-five per cent of that difference.  *The person, firm, corporation, or public authority who fails to pay the rate of wages so fixed also shall pay a penalty to the [OBES] administrator of seventy-five per cent of the difference between the fixed rate of wages and the amount paid to the employees on the public improvement.*  The administrator shall deposit all moneys received from penalties paid to the administrator pursuant to this section into the penalty enforcement fund, which is hereby created.  The penalty enforcement funds shall be in the custody of the treasurer of the state but shall not be part of the state treasury.  *The administrator shall use the fund for the enforcement of sections 4115.03 to 4115.16 of the Revised Code.*  * * *

" * * *

"(C)  * * * *The administrator shall bring any legal action necessary to collect any amounts owed to employees and the bureau.* * * *

" * * *

"(E)  *The bureau shall enforce sections 4115.03 to 4115.16 of the Revised Code.*"  (Emphasis added.)

R.C. 4115.13

"(A)  Upon his own motion or within five days of the filing of a complaint under section 4115.10 or 4115.16 of the Revised Code, *the administrator of the bureau of employment services*, or a representative designated by him, *shall investigate any alleged violation of sections 4115.03 to 4115.16 of the Revised Code*.

" * * *

"(D)  *If the administrator or his designated representative makes a decision, based upon findings of fact, that a contractor, subcontractor, or officer of a contractor or subcontractor has intentionally violated sections 4115.03 to 4115.16 of the Revised Code, the contractor, subcontractor, or officer of a contractor or subcontractor is prohibited from contracting directly or indirectly with any public authority for the construction of a public improvement or from performing any work on the same as provided in section 4115.133 of the Revised Code*.  * * * "  (Emphasis added.)

R.C. 4115.133

"(A) *The administrator of the bureau of employment services shall file with the secretary of state a list of contractors, subcontractors, and officers of contractors and subcontractors who have been prosecuted and convicted for violations of or have been found to have intentionally violated sections 4115.03 to 4115.16 of the Revised Code.* * * *

" * * *

"(C) No public authority shall award a contract for a public improvement to any contractor, subcontractor, or officer of a contractor or subcontractor during the time that the contractor's, subcontractor's, or officer's name appears on such list. * * * " (Emphasis added.)

{¶ 13} The court of appeals held that any alleged failure by OBES to comply with its duties under the foregoing prevailing wage law provisions was remediable by an administrative complaint and subsequent appeal to a common pleas court under R.C. 4115.16.

{¶ 14} R.C. 4115.16 provides:

"(A) An interested party may file a complaint with the administrator of the bureau of employment services alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The administrator, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code. *If the administrator determines that no violation has occurred or that the violation was not intentional, the interested party may appeal the decision to the court of common pleas of the county where the violation is alleged to have occurred.*

"(B) *If the administrator has not ruled on the merits of the complaint within sixty days after its filing, the interested party may file a complaint in the court of common pleas* of the county in which the violation is alleged to have occurred. The complaint may make the contracting public authority a party to the action, but not the administrator. * * * The court in which the complaint is filed pursuant to this division shall hear and decide the case, and upon finding that a violation has occurred, *shall make such orders as will prevent further violation and afford to injured persons the relief specified under sections 4115.03 to 4115.16 of the Revised Code.* The court's finding that a violation has occurred shall have the same consequences as a like determination by the administrator. *The court may order the administrator to take such action as will prevent further violation*

*and afford to injured persons the remedies specified under sections 4115.03 to 4115.16 of the Revised Code.  \* \* \* "*[1]  (Emphasis added.)

{¶ 15} A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law.  R.C. 2731.05.  In order for an alternative remedy to constitute an adequate remedy at law, it must be complete, beneficial, and speedy.  *State ex rel. Arnett v. Winemiller* (1997), 80 Ohio St.3d 255, 259, 685 N.E.2d 1219, 1222.

{¶ 16} Insofar as appellants challenge the OBES Administrator's determinations that no violations of the prevailing wage law have occurred, that the violations were not intentional, or that the administrator has not ruled on the merits of the interested parties' complaints, the court of appeals correctly held that R.C. 4115.16 provides an adequate remedy in the ordinary course of law precluding extraordinary relief in mandamus.  See R.C. 4115.16(A) and (B).  In this regard, after construing R.C. 4115.13 and 4115.16 *in pari materia*, the "merits" of the complaint to be ruled on by the administrator include the determination whether any violation of the prevailing wage law provisions was intentional.  Appellants thus have an adequate remedy by filing a complaint in the court of common pleas under R.C. 4115.16(B) if the administrator has not made this determination within the specified sixty-day period.

{¶ 17} In other words, regarding these contentions, R.C. Chapter 4115 provides a comprehensive statutory procedure for enforcing compliance with the prevailing wage law through administrative and civil proceedings.  *State ex rel. Harris v. Williams* (1985), 18 Ohio St.3d 198, 200, 18 OBR 263, 264, 480 N.E.2d 471, 472; *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 26, 550 N.E.2d 461, 463.  " 'Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.' "  *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 532, 678 N.E.2d 1396, 1398, quoting *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus.

{¶ 18} But to the extent that appellants' mandamus claim involves those cases in which the OBES Administrator determines within the R.C. 4115.16(B) sixty-day period that an intentional violation of the prevailing wage law has occurred, R.C. 4115.16(A) and (B) do not provide an adequate legal remedy.  In these cases, appellants cannot raise their contentions concerning the failure of OBES to impose and collect penalties and to file a list of prevailing wage law violators with the Secretary of State by way of a complaint under R.C. 4115.16(A) or (B).  See R.C. 4115.10(A), (C) and (E), and 4115.133(A).  Therefore, R.C. 4115.16(A) and (B) do not provide complete, beneficial, and speedy relief for these contentions.

---

1.  An "interested party" for purposes of the prevailing wage law includes persons who submit bids to secure a public improvement construction contract and associations with such persons as members.  R.C. 4115.03(F).  Based on the allegations of their complaint, appellants are interested parties under R.C. 4115.03(F).

{¶ 19} Based on the foregoing, the court erred in dismissing appellants' mandamus claim as it relates to cases where the OBES Administrator makes a timely statutory determination of an intentional violation of prevailing wage law but fails to impose and collect the statutory penalties and include the name of the intentional violator on the list filed with the Secretary of State. Consequently, it does not appear beyond doubt that appellants can prove no set of facts entitling them to a writ of mandamus in these cases. Civ.R. 12(B)(6); *Kaylor*, 80 Ohio St.3d at 144, 684 N.E.2d at 1231.

*Remand*

{¶ 20} Appellants finally claim that because the attachments to their complaint established OBES's intentional policy not to follow its statutory prevailing wage law duties, and OBES did not question appellants' "facts" in its Civ.R. 12(B)(6) motion to dismiss, this court must issue the requested writ of mandamus.

{¶ 21} Appellants' claim, however, lacks merit. " 'Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand [to that court] for further proceedings.' " *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410-411, 686 N.E.2d 1126, 1128, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293. OBES should be afforded the opportunity to challenge the merits of appellants' factual and legal allegations, both parties should introduce evidence to support their respective positions, and the court of appeals should reach the merits of that part of appellants' complaint it improperly dismissed.

{¶ 22} Based on the foregoing, we reverse and remand for further proceedings that portion of the court of appeals' judgment dismissing appellants' mandamus complaint as it relates to cases in which the OBES Administrator timely determines that an intentional violation of prevailing wage law has occurred but fails to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State. We affirm the remainder of the judgment of the court of appeals.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

6