MEMORANDUM DECISION IN MANDAMUS
This mandamus action involves a dispute over enforcement of Ohio's prevailing wage law and is on remand from the Supreme Court of Ohio. On July 8, 1997, relators, National Electrical Contractors Association, Ohio Conference et al., filed a petition for a writ of mandamus in this court, alleging that respondent, Ohio Bureau of Employment Services ("OBES"), refused to carry out certain statutory duties to enforce Ohio's prevailing wage law. On October 28, 1997, we dismissed relators' complaint pursuant to Civ.R. 12(B)(6), ruling that relators' claim for a writ of mandamus was barred by an adequate remedy in the ordinary course of law by way of the administrative procedure set forth in R.C.4115.16.
On September 23, 1998, the Supreme Court of Ohio affirmed in part, reversed in part, and remanded the case to this court to reach the merits of that part of relators' complaint we improperly dismissed. State ex rel. Natl. Electrical ContractorsAssn., Ohio Conference v. Ohio Bur. Of Emp. Serv. (1998), 83 Ohio St.3d 179. The Supreme Court ruled that: (1) in cases where the OBES administrator determines no violation of the prevailing wage law has occurred; (2) in cases where the OBES administrator determines that violations were not intentional; and (3) in cases where the OBES administrator has not ruled on the merits of the interested parties' complaints, R.C. 4115.16 provides an adequate remedy in the ordinary course of law precluding the extraordinary relief of mandamus. Id. at 183. In cases where the OBES administrator has not ruled within sixty days whether a violation is intentional, the Supreme Court held that relators have available an adequate remedy because they can file a complaint in the court of common pleas under R.C. 4115.15(B). Id.
However, the Supreme Court also determined that in "those cases in which the OBES Administrator determines within the R.C. 4115.16(B) sixty-day period that an intentional violation of the prevailing wage law has occurred, R.C. 4115.16(A) and (B) do not provide an adequate legal remedy." Id. at 184. The Supreme Court ordered that OBES be given the opportunity to challenge the merits of appellants' factual and legal allegations and that both parties should introduce evidence to support their respective positions. Id. The Supreme Court then reversed and remanded for further proceedings the portion of this court's judgment dismissing appellants' mandamus complaint "as it relates to cases in which the OBES Administrator timely determines that an intentional violation of prevailing wage law has occurred but fails to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State."Id. at 184-185. Finally, the Supreme Court affirmed the remainder of the judgment of this court. Id. at 185.
Initially, we note that the parties disagree over the scope of the remand. The specific language of the Supreme Court opinion limits the scope of these proceedings. "Absent extraordinary circumstances * * * an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus; State ex rel. Smith v. O'Connor (1995), 71 Ohio St.3d 660,662; In the Matter of: Dr. Robert J. Eastway, Jr., D.O. (June 20, 1996), Franklin App. No. 95APE12-1662, unreported (1996 Opinions 2396). When a case is remanded to a lower tribunal, that tribunal is bound by the decree of the higher court as the law of the case and must execute the decree according to the mandate.State ex rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, 101; Inre Sanford Fork Tool Co. (1895), 160 U.S. 247, 255-256,16 S.Ct. 291, 293. The lower tribunal may not consider the remanded case for any other purpose, may not give any other or further relief, may not review for apparent error, and may not otherwise intermeddle with it except to settle so much as has been remanded.Heck, supra.
Therefore, based on the specific language of the Supreme Court opinion, the issue in this case is limited to whether relators have proven that the OBES administrator has timely determined that an intentional violation of the prevailing wage law has occurred but has failed to impose and collect statutory penalty fees and include the violator's name on the list filed with the Secretary of State.
On December 18, 1998, the parties submitted a stipulation of facts. Included in the stipulation are the following facts:
 At no time since June 21, 1994 has the OBES' Administrator (or her predecessor in interest the Ohio Director of Industrial Relations Director), within sixty (60) days of the filing of a prevailing wage complaint, determined that an intentional violation of the prevailing wage law occurred. [Stip. paragraph 13.]
 OBES has not submitted any names to the Secretary of State for the debarment list. [Stip. paragraph 12.]
 OBES commenced collecting statutory penalties on selected determinations on April 28, 1998. [Stip. paragraph 11.]
Because the parties have stipulated that the only fact pattern encompassed by the remand has yet to occur, i.e., finding an intentional violation and taking no action, relators have failed to prove they have a clear legal right to a writ of mandamus.
Relators also claim that OBES has found violations but then refuses to specifically determine whether each violation of the prevailing wage law was intentional. At oral argument, OBES agreed that its determination letters issued to violators do not state whether violations are intentional or non-intentional. Relators seek a writ of mandamus compelling the OBES administrator to make findings as to whether or not each violation (from the effective date of the statute) was intentional or not. However, the Supreme Court has ruled that the "merits" of a complaint filed pursuant to R.C. 4115.16 include determinations of whether any violation was intentional. State ex rel. Natl. ElectricalContractors Assn., Ohio Conference v. Ohio Bur. Of Emp. Serv.
(1998), 83 Ohio St.3d 179, 183. Thus, pursuant to R.C. 4115.16(B) "If the administrator has not ruled on the merits of the complaint within sixty days of its filing, the interested party may file a complaint in the court of common pleas." Because relators can file a complaint in the court of common pleas and get a determination of whether a violation is intentional, relief in mandamus is precluded.
Relators also claim that because OBES admits that it has not collected penalties in many cases, they are entitled to a writ of mandamus compelling OBES to collect the penalties provided for employees and for the penalty enforcement fund for each determination since the effective date of the statute. Thus, in cases where OBES has found a violation (albeit a non-intentional violation) but failed to collect some or all of the statutory penalties, relators contend they do not have an adequate remedy at law because they cannot, in their own right, collect those penalties and pay them to the affected employees and deposit the funds into the Penalty Enforcement Fund.
The rationale of the Supreme Court, i.e., that mandamus will lie in those situations where the relator could neither appeal nor file an action in the court of common pleas pursuant to R.C. 4115.16, would appear to apply not only in those cases where OBES finds an intentional violation and does not take action but, also, in those cases where OBES finds a non-intentional violation but does not take action to collect the statutory penalties. We do not read the statute as permitting OBES to abdicate its responsibility to collect statutory penalties and to rely on organizations such as relators to act as private Attorneys General to enforce Ohio's prevailing wage law. OBES is charged under the statute with the responsibility to enforce R.C. 4115.03 to4115.16. R.C. 4115.10(E). Relators' reasoning is also supported by the language of R.C. 4115.10(C) which provides in pertinent part: "If after investigation pursuant to section 4115.13 of the Revised Code, the administrator determines there is a violation of sections 4115.03 to 4115.16 of the Revised Code and * * * [n]o employee has brought suit * * * [t]he administrator shall bring any legal action necessary to collect any amounts owed to employees and the bureau."
Under this reasoning, we believe relators have identified another fact pattern in which mandamus could lie. However, as noted above, we are constrained by the specific language of the Supreme Court to refrain from considering the remanded case for any purpose other than that set forth by the Supreme Court. Upon a new appeal, it is for the Supreme Court to construe its own mandate and to act accordingly. See In reSanford Fork Tool, supra, at 256, 16 S.Ct. at 293.
Based on the foregoing, relators have failed to prove they are entitled to the requested extraordinary relief in mandamus in that scenario specifically remanded to this court for factual consideration. Accordingly, we deny the writ.
Writ of mandamus denied.
KENNEDY and BOWMAN, JJ., concur.