{¶ 1} On June 20, 2002, John E. Wells, Sr., father of Tara M. Wells, filed a "Petition to Vacate a Void Judgment for Lack of Subject Matter Jurisdiction and Other Reasons Stated Herein."
 {¶ 2} It may be gleaned from the filing that John E. Wells, Sr. is attempting to act as counsel for his daughter, who was adjudicated delinquent after admission to a charge of assault. On the record before this Court, it appears that on May 18, 2001 the subject child was removed from the care and custody of her grandmother and placed with Therapeutic Network for further disposition.
 {¶ 3} Petitioner asserts that the Belmont County Department of Job and Family Services has filed a motion to modify temporary custody to permanent custody, but has not provided any record of the trial court proceedings to confirm that has occurred. In fact, the record before this Court is devoid of most of the pleadings and orders filed, as this matter has been treated as an original action rather than a standard appeal. The only information provided is through attachments to the petition. In any event, this Court is constrained to sua sponte dismiss the "Petition" as this Court lacks constitutional or statutory authority to review the allegations in the complaint.
 {¶ 4} Under Section 3, Article IV of the Ohio Constitution:
 {¶ 5} "(B)(1) The courts of appeal shall have original jurisdiction in the following:
 {¶ 6} "(a) Quo warranto:
 {¶ 7} "(b) Mandamus;
 {¶ 8} "(c) Habeas Corpus;
 {¶ 9} "(d) Prohibition;
 {¶ 10} "(e) Procedendo;
 {¶ 11} "In any cause on review as may be necessary to its complete determination.
 {¶ 12} "(2) Courts of appeals have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."
 {¶ 13} The various types of original actions are defined by statute. (Special Remedies — Title 27 of the Ohio Revised Code.) The constitutional grant of original jurisdiction is very specific and limited to the enumerated types of actions. For example, a court of appeals has no jurisdiction to determine declaratory judgments, State, exrel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.
(1998), 83 Ohio St.3d 179, 1998-Ohio-281, nor injunctions, Maher v.Rhodes (1958), 158 N.E.2d 411. This Court is not vested with any authority to hear and decide as an original action a "Petition to Vacate a Void Judgment."
 {¶ 14} Moreover, Petitioner states that he had filed a "Petition to Vacate Void Judgment Based Upon Lack of Subject Matter Jurisdiction" with the trial court and it was overruled on February 26, 2002. This Court can only surmise that said "Petition" was similar, if not identical, to the one which was filed in this matter.
 {¶ 15} Petitioner notes that he received a copy of such judgment on March 28, 2002. The delay in receiving notice may be attributable to the fact that Petitioner is presently incarcerated at the Mansfield Correctional Institution and there are delays inherent in the prison mail system. In any event, the "Petition" in this case was previously adjudicated, Petitioner did not timely prosecute an appeal from that judgment and this Court has no original jurisdiction to decide a "Petition to Vacate Void Judgment Based Upon Lack of Subject Matter Jurisidiction."
 {¶ 16} Petition dismissed for lack of jurisdiction. No costs assessed as Petitioner is indigent.
 {¶ 17} Final order. Clerk to send notice as provided by the civil rules.
Donofrio, Vukovich and DeGenaro, JJ., concur.