[Cite as *State ex rel. DeBose v. Doherty*, 2024-Ohio-2772.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
DARENCE DEBOSE,

Relator,

- vs -

JUDGE, BECKY L. DOHERTY,

Respondent.

**CASE NO. 2024-P-0030**

Original Action for
Writ of Mandamus

## PER CURIAM
## OPINION

Decided: July 22, 2024
Judgment: Petition dismissed

*Darence DeBose*, pro se, PID# A800-847, North Central Correctional Institution, 670 Marion-Williamsport Road, P.O. Box 1812, Marion, OH 43302 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Relator, Darence Debose, filed a petition for writ of mandamus on May 8, 2024. This court issued an alternative writ ordering respondent, Judge Becky L. Doherty, to file an answer or dispositive motion to dismiss. On June 17, 2024, respondent filed her motion to dismiss. After reviewing the pleadings, the motion to dismiss is granted and Mr. Debose's petition is accordingly dismissed.

{¶2} In order for a writ of mandamus to issue, a relator must establish a clear legal right to the requested relief, the respondent's corresponding duty to provide the

requested relief, and the lack of an adequate remedy in the ordinary course of law. *See, e.g., State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 11.

{¶3} The "standard of proof" is the threshold quantum of evidence that a party must establish to be entitled to the relief requested. *State ex rel. Todd v. State Teachers Retirement Sys.*, 2016-Ohio-5073, ¶ 17 (6th Dist.) The standard of proof placed upon a relator seeking a writ of mandamus is heightened. *See State ex rel. Doner v. Zody,* 2011-Ohio-6117, ¶ 56*.* In a mandamus case, a relator must prove its entitlement to a writ by clear and convincing evidence. *See State ex rel. Summit Cty. Republican Party Executive Commt. v. LaRose*, 2021-Ohio-1464, ¶ 8. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 477 (1954).

{¶4} For a court to grant a dismissal of a petition for writ of mandamus pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor." *Culotta* at ¶ 11, citing *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181 (1998).

{¶5} In this case, Mr. Debose seeks relief in mandamus to compel Judge Doherty to grant his request for judicial release. He contends he filed a motion for judicial release and the judge scheduled a hearing on April 1, 2024. He underscores Judge Doherty denied his motion on April 16, 2024. He claims that, pursuant to R.C. 2929.20(D)(2)(a),

Case No. 2024-P-0030

which requires a court to issue a judgment ten days after the hearing on the motion, he is entitled to judicial release. We do not agree.

{¶6} Initially, Mr. Debose is seeking release from prison. Mandamus is an improper vehicle for such relief. A petition for writ of mandamus is an inappropriate action to compel a prisoner's release from prison. *State ex rel. Neal v. Mandros*, 2020-Ohio-4866, ¶ 11. The appropriate action for that purpose is a petition for writ of habeas corpus. *Id.* Mr. Debose has failed to state a valid claim for relief in mandamus. Accordingly, on this basis alone, dismissal of the petition is proper. *Id.*

{¶7} Moreover, setting aside this fatal flaw, R.C. 2929.20(D)(2)(a) provides, in relevant part:

> With respect to a motion for judicial release filed by an offender as an eligible offender or made by the court on its own motion for an offender as an eligible offender, a hearing under this section shall be conducted in open court not less than thirty or more than sixty days after the motion is filed, provided that the court may delay the hearing for one hundred eighty additional days. If the court holds a hearing, the court shall enter a ruling on the motion within ten days after the hearing.

{¶8} In his petition, Mr. Debose alleges he is an eligible offender and, because Judge Doherty denied the motion six days after the ten-day statutory window, he is entitled to judicial release. Mr. Debose's assertion lacks merit.

{¶9} "Judicial release is a privilege, not an entitlement." *State v. Ware*, 2014-Ohio-5201, ¶ 11. "'There is no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence.'" *State ex rel. Hattie v. Goldhardt*, 1994-Ohio-81, 125, quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

3

Case No. 2024-P-0030

{¶10} We acknowledge that R.C. 2929.20(D)(2)(a) requires, when a hearing is held, a court to rule upon a motion for judicial release within ten days. This statute, however, sets forth a procedure or process for enforcing *a privilege*. The procedural right to require a court to rule upon such a motion under circumstances where a hearing is held exists in counterpoise to this privilege. In this respect, the procedural right essentially facilitates the speedy resolution of a motion for judicial release. It does not, however, create a reciprocal entitlement to release where the procedure is not strictly followed.

{¶11} Mr. Debose's argument presents a "false alternative," i.e., by claiming the court must release him for failing to strictly adhere to the procedural timeframe, he assumes the violation of the timeframe creates a substantive right to early release. We cannot conclude, however, that the de minimis failure to strictly adhere to the ten-day procedural timeframe would imply Mr. Debose is "entitled" to release from an otherwise valid criminal sentence.

{¶12} Even were this court to reach the merits of Mr. Debose's argument, therefore, the statute at issue does not create a clear legal right to judicial release, nor does it establish a clear legal obligation on behalf of the court to grant his motion.

{¶13} For the reasons discussed in this opinion, Mr. Debose's petition for writ of mandamus is accordingly dismissed.


EUGENE A. LUCCI, P.J., MATT LYNCH, J., ROBERT J. PATTON, J., concur.

4

Case No. 2024-P-0030