**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyle v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-2777.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2777

THE STATE EX REL. BOYLE, APPELLANT, *v*. CHAMBERS-SMITH, DIR., ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyle v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-2777.]**

*Mandamus—Appellant's failure to raise an objection to magistrate's decision adopted by appellate court that he had adequate remedy in ordinary course of law waives any such argument on appeal—Court of appeals' judgment affirmed.*

(No. 2023-1386—Submitted May 7, 2024—Decided July 24, 2024.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-643.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, John F. Boyle Jr., appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus. Boyle sought a writ of mandamus compelling appellees, Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation and Correction, and the department's Bureau of Sentence Computation (collectively, "ODRC"), to reduce his jail-time credit. Boyle asserted that he was incorrectly credited with 162 days of jail-time credit.

{¶ 2} The Tenth District granted ODRC's motion to dismiss Boyle's claim, finding that he had an adequate remedy in the ordinary course of the law and that ODRC had no clear legal duty to provide the relief he sought. We affirm the Tenth District's judgment on the basis that Boyle had an adequate remedy in the ordinary course of the law.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} In 1990, Boyle was sentenced by the Richland County Common Pleas Court to a prison term of 20 years to life for aggravated murder and a consecutive term of 18 months for abuse of a corpse. *See State v. Boyle*, 1991 Ohio App. LEXIS 4703 (5th Dist. Sept. 26, 1991). In January 2022, Boyle filed a motion for jail-time credit with the sentencing court, arguing that his sentencing entry did not award him credit for the days he served in pretrial incarceration. The sentencing court denied the motion, finding that it was moot because Boyle had finished serving the stated prison term over ten years ago and was currently serving an indefinite term at the discretion of the Ohio Parole Board.

{¶ 4} Boyle appealed the sentencing court's decision on his motion to the Fifth District Court of Appeals. Applying a plain-error analysis, the Fifth District affirmed the sentencing court's decision. *State v. Boyle*, 2022-Ohio-3417, ¶ 16-18, 24 (5th Dist.). The court noted that Boyle's 1990 sentencing hearing and sentencing entry were procedurally deficient because jail-time credit was not addressed at the

2

hearing and no determination of jail-time credit was included in the entry. *Id*. at ¶ 19-20. Although jail-time credit was not included in Boyle's sentencing entry, the Fifth District nonetheless determined that Boyle had failed to show plain error because ODRC had applied 162 days of credit to his 18-month sentence based on a letter from the county sheriff. *Id*. at ¶ 11, 20-21. This amount was slightly more than the 150 days Boyle claimed he served prior to sentencing. *Id*. at ¶ 21. This court declined to accept jurisdiction over Boyle's appeal from that judgment. *State v. Boyle*, 2022-Ohio-4617.

{¶ 5} In October 2022, Boyle petitioned the Tenth District for a writ of mandamus. Boyle asked the Tenth District to order ODRC to (1) remove his jail-time credit, (2) contact his sentencing court about the absence of jail-time credit from his sentencing entry, and (3) cease their attempts to resentence Boyle "outside those sentences imposed on the sentencing judgment entry." Boyle argued that ODRC incorrectly credited him with 162 days of jail-time credit because this determination was based on a letter from the county sheriff and not from his sentencing entry. Citing ODRC Policy 52 RCP 01, Boyle argued that his sentencing entry's lack of jail-time credit was an "inaccuracy" and that ODRC had a duty to contact his sentencing court about it.

{¶ 6} ODRC filed a motion to dismiss Boyle's mandamus petition. Citing the sentencing court's denial of Boyle's jail-time-credit motion and his subsequent appeal to the Fifth District, ODRC argued that Boyle's claim failed because he had an adequate remedy in the ordinary course of the law and that his claim was barred by res judicata. ODRC also asserted that because Boyle's minimum sentence had expired, Boyle's jail-time credit had no further impact on the length of his sentence and the jail-time-credit issue was therefore moot.

{¶ 7} Boyle filed a response to ODRC's motion and his own motion for default judgment. In both filings, he argued that ODRC had "defaulted" because they did not file an answer to his petition, which is required to assert an affirmative

defense like res judicata. ODRC filed a joint reply in support of their motion to dismiss and response to the default-judgment motion, arguing they had not defaulted and reasserting the arguments from their motion to dismiss.

{¶ 8} A magistrate appointed by the Tenth District issued a decision recommending that the court grant ODRC's motion to dismiss, deny Boyle's motion for default judgment, and dismiss the case. The magistrate found that Boyle's mandamus claim failed because he could—and did—raise issues about his jail-time credit in an appeal. The magistrate also rejected Boyle's argument that ODRC's policy created a duty for ODRC to contact an inmate's sentencing court if there are any inaccuracies in the inmate's sentencing entry.

{¶ 9} Boyle objected to the magistrate's decision, asserting (1) ODRC's motion to dismiss should not have been considered because they incorrectly asserted an affirmative defense, (2) the decision was contrary to established law regarding ODRC's clear legal duties, (3) ODRC's counsel was required to file a notice of appearance, and (4) the magistrate failed to consider Boyle's evidence. The Tenth District overruled Boyle's objections, adopted the magistrate's decision, and denied the writ. Regarding Boyle's objection that the magistrate's decision was contrary to established law, the court rejected his argument that ODRC was prohibited from awarding jail-time credit if the credit was not stated in a sentencing entry. The court also held that ODRC's policies provide guidance to prison officials but confer no rights on inmates or duties on officials.

{¶ 10} Boyle filed this as an appeal of right.

## II. ANALYSIS

{¶ 11} To dismiss a claim under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations are presumed true and all reasonable inferences are made in his favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181 (1998). This court reviews de novo

the court of appeals' dismissal of Boyle's petition. *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 10.

{¶ 12} To state a claim for a writ of mandamus, the relator must allege facts showing (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 2017-Ohio-5659, ¶ 3.

{¶ 13} On appeal, Boyle asserts four propositions of law. This court need only address two of them to affirm the Tenth District's judgment.

*A. Adequate remedy in the ordinary course of the law*

{¶ 14} The Tenth District overruled Boyle's objections to the magistrate's decision and adopted it as the decision of the court. The magistrate determined that Boyle's mandamus claim failed because his right to appeal his jail-time-credit award constituted an adequate remedy in the ordinary course of the law, citing *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 12 ("Alleged errors regarding an award of jail-time credit are not cognizable in mandamus," because an adequate remedy in the ordinary course of the law exists through either a direct appeal or a postsentence motion to correct jail-time credit under R.C. 2929.19(B)(2)(g)(iii)). Boyle argues under his fourth proposition of law that he had no adequate remedy because of a "conflict" between the Fifth District's decision in *State v. Boyle*, 2022-Ohio-3417 (5th Dist.)—which was the appeal of the decision on his jail-time-credit motion—and the Tenth District's decision in *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567 (10th Dist. 1991). He also argues that his filing of the jail-time-credit motion with his sentencing court and his subsequent appeals "exhausted all of his available remedies at law."

{¶ 15} Boyle may not appeal this aspect of the Tenth District's decision, because he did not object to that portion of the magistrate's decision, which the court ultimately adopted. Civ.R. 53(D)(3)(b)(iv) provides:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

This rule applies to direct appeals to this court, and a party's failure to raise an objection to a magistrate's decision adopted by an appellate court waives any argument about that portion of the recommendation on appeal. *State ex rel. Franks v. Ohio Adult Parole Auth.*, 2020-Ohio-711, ¶ 10.

**{¶ 16}** Boyle objected to only the magistrate's factual findings and legal conclusions about ODRC's "clear legal duty," the effect of ODRC's incorrectly raised affirmative-defense argument and their failure to file a notice of appearance, and the probative value of his evidence. He did not object to the magistrate's conclusion about an adequate remedy in the ordinary course of the law. As such, Boyle waived any argument related to that aspect of the Tenth District's decision.

*B. Res judicata*

**{¶ 17}** In his third proposition of law, Boyle argues that ODRC's motion to dismiss must be dismissed, stricken, or disregarded because it asserted the affirmative defense of res judicata. He generally argues that such a motion is prohibited and that ODRC's inclusion of the res judicata argument in their motion to dismiss invalidated the entire motion and thus the Tenth District erred in considering it. The Tenth District rejected this argument, finding that the improper raising of res judicata did not prevent it from considering the motion's other arguments.

**{¶ 18}** Boyle cites no authority to support his contention that ODRC's including a res judicata argument in their motion to dismiss prevented the Tenth

District from considering other parts of the motion. Moreover, the Tenth District did not dismiss Boyle's claim based on res judicata; dismissal was granted because the court found that ODRC had no clear legal duty to provide Boyle the relief he sought and that he had an adequate remedy in the ordinary course of the law to address his jail-time-credit claim.

**{¶ 19}** Accordingly, we find no merit in this argument.

### III. CONCLUSION

**{¶ 20}** For the foregoing reasons, we affirm the Tenth District Court of Appeals' judgment dismissing Boyle's mandamus claim.

Judgment affirmed.

————————————

John F. Boyle Jr., pro se

Dave Yost, Attorney General, and Salvatore P. Messina and Adam Beckler, Assistant Attorneys General, for appellees.

————————————