[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tentman v. Sundermann*, Slip Opinion No. 2025-Ohio-1284.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1284

THE STATE EX REL. TENTMAN, APPELLANT, *v.* SUNDERMANN, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tentman v. Sundermann*, Slip Opinion No. 2025-Ohio-1284.]**

*Mandamus—Appellant failed to show that common pleas court patently and unambiguously lacked subject-matter jurisdiction to recognize Tennessee court's jurisdiction—Appellant had and made use of adequate remedy in ordinary course of law by appealing from common pleas court's judgment declining to exercise jurisdiction over his divorce and child-custody case—Court of appeals' dismissal of petition affirmed.*

(No. 2024-0934—Submitted January 7, 2025—Decided April 16, 2025.)

APPEAL from the Court of Appeals for Hamilton County, No. C-240167.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Solomon Tentman, petitioned the First District Court of Appeals for a writ of mandamus against appellee, Judge Betsy Sundermann of the Domestic Division of the Hamilton County Court of Common Pleas. Tentman asked the court of appeals to order Judge Sundermann to exercise jurisdiction over his Hamilton County divorce and child-custody case, declare void the judgments of a Tennessee court due to its alleged lack of jurisdiction, and vacate those judgments. The court of appeals dismissed Tentman's petition because he had an adequate remedy in the ordinary course of law by way of appeal.

{¶ 2} Tentman has also filed a motion to supplement the record and a motion to strike Judge Sundermann's brief and "for judgment on the pleadings." He also demands that we expedite his appeal.

{¶ 3} We have declined to expedite the appeal, and we deny Tentman's motions, sua sponte strike the supplement to his merit brief, and affirm the First District's judgment dismissing his petition.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 4} On May 4, 2021, Tentman's then-wife Rebecca Barbarette moved to Blount County, Tennessee, with their minor child. On November 2, 2021, Barbarette filed for divorce and custody of the child in Tennessee. In January 2022, Tentman filed for divorce and custody of the child in Hamilton County.

{¶ 5} During the Hamilton County proceedings, Tentman disclosed the Tennessee action but argued that the Tennessee court lacked jurisdiction over that action because Barbarette filed the action two days before the end of the six-month residency period required to establish home-state jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), R.C. 3127.01 et seq. *See* R.C. 3127.20(A). The Hamilton County court rejected that argument and dismissed Tentman's action for lack of jurisdiction, concluding that the Tennessee

2

court's exercise of jurisdiction despite the two-day deficit was in substantial conformity with the UCCJEA. *See* R.C. 3127.20(A) (prohibiting an Ohio court from exercising jurisdiction "if, at the time of the commencement of the proceeding, a child custody proceeding concerning the child is pending in a court of another state having jurisdiction substantially in conformity with" the UCCJEA). The First District affirmed on appeal, *see Tentman v. Barbarette*, Hamilton App. No. C-2200391 (May 3, 2023), and we declined Tentman's appeal from the First District's judgment, 2023-Ohio-2771.

{¶ 6} Dissatisfied, Tentman filed a petition for a writ of mandamus in the First District. He asked the First District to order the Hamilton County court to declare void and vacate the Tennessee court's divorce and child-custody judgments for lack of jurisdiction, exercise jurisdiction over the previously dismissed Hamilton County case, order that the child be returned to Ohio, disqualify the magistrate from hearing the Hamilton County case, and award him reasonable expenses under R.C. 3127.22(C). In the alternative, he asked the First District to modify the Tennessee court's child-custody determinations for want of jurisdiction.

{¶ 7} Judge Sundermann filed a motion to dismiss. She argued that Tentman had failed to establish that he has a clear legal right to the requested relief. The judge asserted that Tentman's mandamus action could not succeed because the Tennessee court had jurisdiction over the case that Barbarette had brought, precluding the Hamilton County court from exercising jurisdiction. The judge further argued that Tentman had an adequate remedy in the ordinary course of law: his unsuccessful appeal from the Hamilton County court's judgment.

{¶ 8} The First District agreed that Tentman had an adequate remedy in the ordinary course of law by way of appeal. It thus granted the judge's motion and dismissed Tentman's petition.

{¶ 9} Tentman appeals, repeating and rephrasing the same arguments he made at the First District. Judge Sundermann reiterates that Tentman already

3

appealed the Hamilton County court's judgment, showing that he had an adequate remedy in the ordinary course of law.

## II.  ANALYSIS

## A.  We have declined to expedite the appeal, and we deny Tentman's motions

{¶ 10} Tentman has filed a motion to supplement the record and a motion to strike Judge Sundermann's brief and "for judgment on the pleadings."  Tentman also demands that we expedite his appeal.  We have declined to do so, and we deny his motions and sua sponte strike the supplement to his merit brief.

### 1.  This appeal does not involve an expedited matter

{¶ 11} In his notice of appeal, Tentman asserted that this appeal involves a termination of parental rights and so must be expedited under R.C. 3127.44.  That statute mandates that courts in Ohio expedite appeals from certain kinds of child-custody judgments identified in R.C. 3127.31 through 3127.47.  An appeal from a judgment dismissing a mandamus complaint is not an appeal from one of these kinds of judgments.  Although the case that the proposed writ of mandamus would affect involves a child-custody judgment, the appeal before us is not from a final order in a proceeding under R.C. 3127.31 through 3127.47.  Therefore, we have declined to expedite this appeal.

### 2.  Tentman's motion to strike fails on both fronts

{¶ 12} Tentman has also filed a motion to strike Judge Sundermann's merit brief—a motion that he has mistitled in part as also seeking "judgment on the pleadings."   In moving to strike the judge's merit brief, Tentman invokes S.Ct.Prac.R. 16.03(A)(1)'s briefing timeline applicable to cases involving the termination of parental rights.  He asserts that the judge did not file her brief within the 20-day timeframe specified in S.Ct.Prac.R. 16.03(A)(1) and failed to properly serve him with her brief.  Tentman thus asks us to accept his statement of facts and issues as uncontested.  *See* S.Ct.Prac.R. 12.07(B)(3) (allowing us to accept a

relator's statement of facts and issues if the respondent fails to timely file a merit brief).

{¶ 13} Judge Sundermann opposes Tentman's motion. She asserts that she timely filed her merit brief. And although she admits that the certificate of service in her merit brief failed to list Tentman's address, she asserts that she filed an amended certificate of service to correct the error.

{¶ 14} In appeals "involving termination of parental rights or adoption of a minor child, or both," our Rules of Practice require an appellee to file his or her merit brief within 20 days after the filing of the appellant's merit brief. Rule 16.03(A)(1). "In every other appeal, the appellee shall file a merit brief within thirty days after the filing of the appellant's brief." Rule 16.03(A)(2).

{¶ 15} Because Tentman's appeal is not from a judgment terminating parental rights, we have not expedited it. Accordingly, Judge Sundermann needed to file her merit brief by Thursday, August 29—i.e., 30 days after Tentman filed his merit brief on July 30. The judge filed her merit brief on August 27, so Tentman's first reason to strike the judge's brief fails.

{¶ 16} Tentman's second reason relies on Rule 3.11(E), which permits us to strike a document for a failure to provide service if the movant was "adversely affected," Rule 3.11(E)(2); *see State ex rel. Dodson v. Dept. of Rehab. & Corr.*, 2023-Ohio-2263, ¶ 10. Tentman asserts that Judge Sundermann's initial failure to properly serve him with a copy of her merit brief impaired his ability to "formulate a properly prepared" reply brief. But he still timely filed a nine-page reply brief, *see* Rule 16.04(A)(2), and he fails to explain his assertion.

{¶ 17} Accordingly, we deny Tentman's motion to strike the judge's merit brief and "for judgment on the pleadings."

### 3. The record suffices without supplement

{¶ 18} Tentman has also filed a motion for an order directing that a supplemental record of the Hamilton County trial-court proceedings be certified

and transmitted to the clerk of this court. We may supplement the record under Supreme Court Rule of Practice 15.08 if any part of the record was not transmitted to us from the court of appeals and is necessary for our consideration of the questions presented on appeal.

{¶ 19} This appeal as of right arises from an action originally filed in the First District. It did not begin in a trial court but, rather, with the filing of Tentman's mandamus petition in the First District. On appeal from that court's judgment granting Judge Sundermann's motion to dismiss Tentman's petition, the related Hamilton County proceedings are not contained in the record, except to the extent that Tentman attached parts of that record to his petition. Tentman has not otherwise identified any part of the record before the court of appeals that we need to have to better consider the questions presented on appeal. We therefore deny Tentman's motion to supplement the record, and we decide this case on the record transmitted on appeal. *See State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 9 (denying motion to supplement the record on appeal with documents absent from the record below).

### 4. Tentman's supplement is not properly presented

{¶ 20} Tentman filed a supplement to his merit brief, which includes citations to some of the supplemental material. Judge Sundermann has not filed a motion to strike Tentman's supplement or otherwise objected to its contents.

{¶ 21} Under our Rule of Practice 16.09(A), an appellant may file a supplement to his or her merit brief but such a supplement is limited to "those portions of the record necessary to enable the Supreme Court to determine the questions presented." The documents that Tentman included in his supplement are not part of the record transmitted on appeal. Instead, they appear to be trial-court documents from Barbarette's Tennessee case. Because those documents are not part of the record in this case, we strike and disregard Tentman's supplement.

6

**B.  Tentman had an adequate remedy in the ordinary course of law**

{¶ 22} A court will dismiss a complaint under Civ.R. 12(B)(6) for failing to state a claim upon which relief can be granted when, after presuming that all factual allegations in the complaint are true and drawing all reasonable inferences in the nonmoving party's favor, it is clear that the nonmoving party can prove no set of facts warranting relief. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 1998-Ohio-281, ¶ 11.  We review a dismissal of a mandamus action de novo.  *See State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 10.

{¶ 23} To be entitled to a writ of mandamus, Tentman must ultimately prove that (1) he has a clear legal right to the requested relief, (2) Judge Sundermann has a clear legal duty to provide it, and (3) no adequate remedy in the ordinary course of law exists.  *State ex rel. Boyle v. Chambers-Smith*, 2024-Ohio-2777, ¶ 12.  But if he were to show that the Hamilton County court patently and unambiguously lacked subject-matter jurisdiction to act contrary to his proposed writ of mandamus, then he would not be required to show that he lacked an adequate remedy at law.  *State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 11.

{¶ 24} Tentman argues that the Tennessee court patently and unambiguously lacked subject-matter jurisdiction and that the Hamilton County court's recognition of that jurisdiction therefore was also void.  He claims that the Hamilton County court "exceeded its authority" when it concluded that it lacked authority to hear Tentman's case under R.C. 3127.20(A) because, according to him, the Tennessee court was not in substantial conformity with the UCCJEA.  His argument, though related to the subject-matter jurisdiction of the Tennessee court, is in reality a challenge to the Hamilton County court's exercise of its discretion in finding that the failure to satisfy the UCCJEA's six-month residency requirement by only two days amounted to substantial conformity with the act.  A writ of mandamus will generally not be issued to control judicial discretion.  *State ex rel.*

*Hunter v. Goldberg*, 2024-Ohio-4970, ¶8. Because Tentman has not shown that the Hamilton County court patently and unambiguously lacked subject-matter jurisdiction to decide its own jurisdiction, he must establish that he lacked a remedy in the ordinary course of law.

{¶ 25} But Tentman's mandamus petition establishes that he both had and made use of an adequate remedy in the ordinary course of law by appealing from the Hamilton County court's judgment. An appeal is a plain and adequate remedy in the ordinary course of law. *See State ex rel. Hardesty v. Williamson*, 9 Ohio St.3d 174, 176 (1984), quoting *State ex rel. Cleveland v. Calandra*, 62 Ohio St.2d 121, 122 (1980) (a "'discretionary right of appeal constitutes] a sufficiently plain and adequate remedy in the ordinary course of law' " [cleaned up]). "When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy." *State ex rel. Alhamarshah v. Indus. Comm.*, 2015-Ohio-1357, ¶11.

{¶ 26} It is true that "[f]or a remedy to be adequate, it must, among other things, be complete and beneficial." *State ex rel. O'Malley v. Collier-Williams*, 2018-Ohio-3154, ¶13. But "beneficial does not mean successful." *Id.* Thus, "failing to receive a favorable decision does not render the remedy inadequate." *Id.*

{¶ 27} Regardless of its result, Tentman's appeal from the Hamilton County court's judgment constituted an adequate remedy in the ordinary course of law. In that appeal, he challenged that court's decision to decline to exercise jurisdiction over his divorce and child-custody case and recognize the jurisdiction of the Tennessee court. Tentman also sought our review, which we declined to grant. His mandamus petition rehashes the same arguments.

{¶ 28} Tentman has already fully litigated his claim. He may not take another bite at the apple by seeking an extraordinary writ. The writs do not exist to

8

supplant or supplement appeals. Therefore, Tentman cannot establish that he lacked an adequate remedy in the ordinary course of law.

### III. CONCLUSION

{¶ 29} The writs are extraordinary relief that may be sought in the rare event that no other remedy exists to ensure that public servants fulfill their duties to the people they serve. Tentman asked the First District to issue a writ of mandamus ordering an Ohio judge to vacate judgments issued in a divorce and child-custody action initiated by his ex-wife in Tennessee. But through the ordinary appeal process, Tentman both had and made use of an adequate remedy to challenge the jurisdiction of the Tennessee court—albeit unsuccessfully. As he has not sufficiently alleged or argued that the Hamilton County court patently and unambiguously lacked subject-matter jurisdiction to recognize a foreign tribunal's exercise of jurisdiction, the availability of an adequate remedy in the ordinary course of law is fatal to his mandamus claim.

{¶ 30} For these reasons, the First District was correct to grant Judge Sundermann's motion to dismiss. Having declined to expedite this appeal, we deny Tentman's motion to supplement the record and his motion to strike Judge Sundermann's brief and "for judgment on the pleadings," we sua sponte strike the supplement to Tentman's merit brief, and we affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

_____

Solomon Bekelle Tentman, pro se.

Connie Pillich, Hamilton County Prosecuting Attorney, and Jonathan Halvonik and Pamela Sears, Assistant Prosecuting Attorneys, for appellee.

_____